## CLEVENGER v. STATE OF INDIANA.

[No. 24,383. Filed June 26, 1924.]

1. WITNESSES.—*Impeachment.*—*Inconsistent Statements.*—*"Impeach."*—The credibility of a witness may be impeached by proof that he made contrary and inconsistent statements out of court material and relevant to the issues; "impeach" meaning to impugn, call to question, disparage, discredit, contradict, etc. p. 46.

2. CRIMINAL LAW.—*Appeal.*—*Review.*—*Impeachment.*—*Instructions.*—Where the court gave an instruction that the jury would have a right to disregard testimony of any witness who it believed knowingly and wilfully had sworn falsely to material matters, refusal to weaken the instruction by stating that testimony might be rejected, "when such witness has been impeached" without regard to whether such impeachment had or had not convinced it that he knowingly and wilfully testified falsely, *held* not error. p. 47.

3. CRIMINAL LAW.—*Appeal.*—*Review.*—*Credibility of Witnesses.*—*Instructions.*—In a prosecution for the unlawful sale of intoxicating liquors an instruction that evidence relative to an agreement between the prosecuting attorney and witnesses for the state in regard to securing liquor from the defendant could be considered only for the purpose of affecting the credibility of the state's witnesses, *held* not error. p. 50.

4. CRIMINAL LAW.—*Appeal.*—*Assignment of Error.*—*Exclusion of Evidence.*—An assignment of error of the court refusing to admit in evidence a certain check as a part of the cross-examination of a witness, presents no error where the only place in the transcript which shows the check was offered follows immediately after the examination of the defendant and before defendant had rested his case and before the state's witness testified. p. 50.

5. WITNESSES.—*Cross-Examination.*—*Irrelevancy of Questions.*—In a prosecution for the unlawful sale of intoxicating liquor, where the prosecuting attorney testified that he had told the purchasers of the liquor that he would present an affidavit to the defendant and "hold him up for $300 or $400," but never presented it or had any intentions of so presenting it, refusal of court to permit cross-examination whether or not he was indebted to defendant on a certain note, *held* properly refused, without any showing of a connection between the subject testified about and the note. p. 51.

6. WITNESSES.—*Cross-Examination.*—*Discretion of Court.*—The course and extent of cross-examination to be permitted is within the sound discretion of the court. p. 51.

Clevenger *v.* State—195 Ind. 45.

7. CRIMINAL LAW.—*Appeal.*—*Review.*—*Exclusion of Evidence.*—
A letter offered in evidence, purported to be signed by a witness, was properly excluded in the absence of any proof that the letter was written or signed by the witness or connecting him with it in any manner except that his name appeared on it. p. 52.

8. APPEAL.—*Briefs.*—*Points and Authorities.*—*Rules of Court.*—
On appeal specifications of error not mentioned in appellant's brief under points and authorities is not available to reverse a judgment under Rule 22 of the Supreme Court. p. 52.

From Rush Circuit Court; *Fremont Miller,* Special Judge.

Prosecution by the State of Indiana against Fred Clevenger. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Donald L. Smith* and *Titsworth & Titsworth,* for appellant.

*U. S. Lesh,* Attorney-General, and *Fred I. King,* for the State.

EWBANK, J.—An affidavit was filed charging appellant with having sold two pints of corn whisky to Blaine Fritch. He was found guilty and sentenced to pay a fine of $400 and to be imprisoned for five months. Overruling his motion for a new trial is assigned as error. Appellant complains of the refusal to give his requested instruction No. 2, which, except for the omission of the word "thus" in the expression "when such witness has been thus impeached," was copied from one the giving of which was held not to constitute reversible error in *White, Trustee,* v. *New York, etc., R. Co.* (1895), 142 Ind. 648, 654, 42 N. E. 456. The first part of this instruction, which would have told the jury that "the credit of a witness may be impeached by proof that he has made statements out of court contrary to, and inconsistent with what he testified to on the trial, concerning matters material and relevant to the issues joined," was a correct state-

ment of the law, and if properly asked should have been given. But the court on its own motion had instructed the jury that if they believed any witness had knowingly or wilfully sworn falsely as to any matter or thing material to the issues of the case they would have the right to disregard his testimony in other respects, except so far as it was corroborated. And the instruction refused would have told the jury that when a witness shown to have made statements out of court inconsistent with what he testified at the trial "has been impeached about matters material and relevant to the issues, the jury have the right to reject all his testimony," except so far as it is corroborated. Among the definitions of the word "impeach" are "to impugn, to call in question, to seek to disparage, to seek to prove unworthy of belief, to discredit, to charge or accuse of want of veracity." Anderson's Law Dictionary Tit. "Impeach." "To accuse; to dispute, disparage, deny or contradict; to call in question the veracity of a witness by means of evidence adduced for that purpose." Black's Law Dictionary (2d ed.) Tit. "Impeach." "An allegation, supported by proof that a witness who has been examined is unworthy of credit." Bouvier's Law Dictionary (Rawle's 3d Revision) Tit. "Impeachment."

As so defined it does not necessarily convey the idea that the witness who "has been impeached" has been so far discredited that the jury believe him to have "knowingly or wilfully sworn falsely," even though it might convey that idea as applied to a particular state of facts. When that thought is to be imparted by the use of the word "impeached" it is usually qualified. See *White, Trustee,* v. *New York, etc., R. Co., supra.*

Having given an instruction to the effect that the jury would have the right to disregard the testimony

2. of any witness whom they believed knowingly or wilfully to have sworn falsely as to a material

matter, the court was not bound to weaken the force of that instruction by stating that the jury might reject the testimony of a witness "when such witness has been impeached," without regard to whether such impeachment had or had not convinced the jury that he knowingly or wilfully testified falsely. And since the court was not bound to give the instruction as a whole in the form in which it was asked, no error was committed in refusing it. *Ruse* v. *State* (1917), 186 Ind. 237, 241, 115 N. E. 778.

The ninth instruction given by the court was as follows: "9. There has been some evidence introduced relative to an agreement between the Prosecuting Attorney and the witnesses for the State in regard to securing whiskey from the defendant Clevenger, and also in regard to certain promises made by the Prosecuting Attorney to Fritch and Rogers to be performed in case they succeeded in getting whiskey from the said Clevenger. This evidence was permitted to go to you for the purpose only of affecting the credibility of the witnesses, and can have nothing whatever to do with the outcome of this case, providing you are convinced beyond a reasonable doubt of the guilt of the defendant, Clevenger.

"I also instruct you that the fact that the Prosecuting Attorney signed the affidavit in question can in no way aid the defense in this action, providing you are convinced beyond a reasonable doubt of his guilt. The Prosecuting Attorney had a perfect right to sign this affidavit and he had not only the right, but it was his duty to do so if he deemed it advisable for the furtherance of justice. You must bear in mind that the Prosecuting Attorney is not on trial in this action for blackmail or any other crime, and whatever he and Fritch and Rogers did by way of agreement, if any, before the alleged commission of the crime, can have

nothing whatever to do with the case except as it affects the credibility of the witness connected therewith. The only questions for you to decide are, did the defendant, Fred Clevenger, on the 7th day of November, 1922, at Rush County, Indiana, sell corn whiskey to Blaine Fritch. If he did, he is guilty; if he did not, he is not guilty."

This instruction is not a model to be followed. But the only objection to it suggested by counsel for appellant is that it limited to impeachment of the credibility of witnesses for the state the effect of the evidence therein referred to. The witness Fritch had testified that before the whisky was purchased he and the prosecuting attorney drank a half-pint of corn whisky which he had brought from Indianapolis, and that the prosecuting attorney then told him to go with Rogers and buy a quart of whisky from appellant, and bring it back, when the prosecuting attorney would prepare a statement that he had so purchased it, which Fritch should sign, and by showing it to appellant they could get $300 or $400 from him, and "split it." And the witness Rogers had testified that after he and Fritch went to appellant's house and bought two pints of whisky from him, they took it to the office of the prosecuting attorney and signed a written statement that they had so purchased it, and that the prosecuting attorney at that time "said something about making Clevenger (appellant) come through, and said he would split it three ways." And the prosecuting attorney testified that he did say to Rogers and Fritch something to the effect that he would present to appellant an affidavit made by them, and "hold him up for $300 or $400," but had no intention of doing so. And the uncontradicted evidence was that within half an hour after Fritch and Rogers signed a written statement that they had pur-

chased whisky from appellant the prosecuting attorney filed with the clerk and presented to the judge of the circuit court the affidavit on which appellant was tried and convicted.

Counsel for appellant say of this instruction, as applied to the evidence: "The undisputed confession of a plot of this character certainly goes farther 3. than affecting the credibility of a witness, but would surely, of itself, question the fact whether a sale ever did occur, or whether any of the details of the alleged purchase as testified to by Fritch and Rogers ever happened. It should have challenged the occurrence itself, not the credibility of the narrators." No authorities are cited, and we do not think the distinction which counsel seek to draw is well taken. There was no evidence that anything was done or any inducement offered to appellant to procure the commission of the alleged offense, other than paying the price of the whisky. The only evidence of the alleged sale was the testimony of Fritch and Rogers, and a little testimony offered to corroborate them on collateral matters. If they told the truth and were to be believed, appellant committed the offense charged and should be found guilty. If their testimony was concocted as part of a blackmailing plot, and their testimony that Fritch purchased whisky from appellant was not worthy of belief, then he should be acquitted. That was the law applicable to the issues and the evidence, and that was the substance of the instruction. No error was committed in giving it.

Appellant says that for reasons stated "it was error for the court to refuse to admit in evidence" a certain check "as part of the cross-examination of 4. Stevens," the prosecuting attorney. But the only place in the transcript which shows the check to have been offered in evidence follows immedi-

ately after the examination of the defendant, Clevenger,
before defendant had rested his case, and before Stevens
was called to testify.   Besides, the check could not have
any bearing on the subject of his testimony in chief,
to which the cross-examination should be confined, and
no questions were asked of him nor answered by him
having any tendency to connect it with other facts by
which its existence or contents might have a tendency
to discredit him.   Excluding the check when it was
offered was not error.

Stevens testified only that within thirty minutes after
he received a signed statement that Fritch had bought
the whisky from defendant, at about 8 o'clock
p. m. he prepared the affidavit on which defend-
ant was prosecuted, and that he filed it in the
clerk's office and showed it to the judge that same even-
ing; that he did not present the affidavit to defendant
and demand money from him, but that he did tell Fritch
and Rogers that evening something to the effect that
he would so present it to defendant and "hold him up
for $300 or $400," though without any purpose to do
so; and that he never called defendant or his wife by
telephone and asked that he come up to the office of the
prosecuting attorney.   Without having asked any ques-
tions or received any answers on cross-examination
tending to show a connection between the subjects testi-
fied about and the note, and without any attempt to
produce the note or to account for it, counsel for ap-
pellant asked the witness if on the date when the affida-
vit against defendant was filed he was not indebted to
defendant on a note for $100 of a certain date, bearing
interest and signed by him.   The objection that this
was not proper cross-examination was sustained and
counsel asked no more questions on cross-examination.
The course and extent of the cross-examination to be
permitted is under the control of the court, in the exer-

cise of a sound legal discretion. The meager facts disclosed by the record in this case do not show that the court abused its discretion in making the ruling complained of.

A letter with what purported to be the signature of the witness Fritch at the bottom of it was offered in evidence by the defendant after the state had 7. rested its case, and after six witnesses called on behalf of the defendant had been examined. We have not been able to learn from appellant's brief nor from the transcript that any proof was offered that this letter had been written or signed by Fritch, or which connected him with it in any way except by the fact that his name appeared at the end of it. And it was not offered in connection with his cross-examination, but as an independent item of evidence. Whatever its contents no error was committed in excluding it.

The other specification of error discussed by counsel for appellant is not mentioned in his "points and authorities", and "no alleged error or point not 8. contained in this statement of points" is available to reverse the judgment. Rule 22, Supreme Court, last sentence.

The judgment is affirmed.