## SAVICH *v.* STATE OF INDIANA.

[No. 25,617.  Filed December 14, 1928.]

*Herbert S. Barr* and *Arthur E. Letsinger,* for appellant.
*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant was charged by an amended affidavit with the unlawful possession of intoxicating liquor on or about December 3, 1927, at and in Lake County, Indiana. He was found guilty by a jury.

Judgment of fine and imprisonment was rendered on the verdict.

On appeal, he assigns as error that the court erred in overruling his motion for a new trial. Under this motion, two questions are now presented for review.

One of the witnesses for the state was Frank Cook, a police officer of the city of Gary. As a witness in rebuttal, on cross-examination, he was asked the following question: "Mr. Cook, how much have you drawn in fees this year?" The court sustained the state's objection to the question. That ruling is assigned as error. This question related to a collateral matter and the subject was not mentioned except upon cross-examination. The character and extent of the cross-examination to be permitted is under the control of the court in the exercise of a sound legal discretion. *Clevenger* v. *State* (1924), 195 Ind. 45, 144 N. E. 524. A cause will not be reversed because of any ruling regulating the extent of the cross-examination unless it appears that there has been an abuse of such discretion. *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039; *Foust* v. *State* (1928), *ante* 76, 161 N. E. 371. It cannot be said that the court abused its discretion in making the ruling of which appellant complains.

After the jury had retired, they asked for further instructions and were brought into court. The defendant did not request that written instructions be given, and all instructions were given orally. The foreman stated to the court that the affidavit did not seem clear to some of them. The court said: "I can read the whole affidavit, but the charge in the affidavit is the unlawful possession of intoxicating liquor; that the defendant had in his possession on the, it is charged in the affidavit, I think, some time within the last two years, the exact date, I think, is December, intoxicating liquor contrary to the statute." The fore-

man then said: "Does that charge the defendant with having intoxicating liquor for sale?" The court answered: "Not charged with selling, just possession, charged with having it; that is the only part of the statute he is charged with violating; the affidavit charges him with unlawful possession." The foreman replied: "That is all we want to know." Section 593 Burns 1926, is as follows: "After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys." It is shown by the record that one of the attorneys for the defendant was present, as he objected and excepted to the further instructions. The appellant claims as follows: "The answer of the presiding judge to the question asked by the foreman of the jury after it had retired to deliberate upon a verdict and returned to the court room, left the jury in doubt and uncertain as to how the answer should be applied by the jury in arriving at a verdict." This contention is not correct, as the court did not err in stating the charge against the defendant, and the foreman said: "That is all we want to know." The giving of the further instructions did not constitute error.

The appellant was not entitled to a new trial for the causes presented by him.

Judgment affirmed.