## UTLEY v. STATE OF INDIANA

[No. 28,531.   Filed April 6, 1950.]

*Thurl C. Rhodes,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal from a judgment on a verdict finding appellant guilty of kidnapping as defined by § 10-2901, Burns' 1942 Replacement (Acts of 1905, ch. 169, § 358, p. 584; Acts of 1929, ch. 154, § 1, p. 477). He was sentenced to imprisonment for life. The error relied upon for a reversal is the over-ruling by the trial court of appellant's motion for a new trial.

There is no substantial conflict in any material part of the evidence, which discloses that the offense was committed as follows: Sunday morning at about 12:30 A. M., March 21, 1948, Andrew Perkins, who had the nickname of "Big Perk," had just closed his grocery store, located at 787 and 789 Indiana Avenue, Indianapolis, Indiana, and in company with George Andrew Saunders, had entered his automobile, which was parked on St. Clair Street headed west near Indiana Avenue. Appellant approached the automobile, and with a drawn revolver ordered Perkins and Saunders to get on the floor behind the front seat, and to hold their hands out, in which position they remained until they were ordered out of the car about thirty minutes later. As soon as the victims were made prisoners, Utley whistled for an accomplice, who came to the car, and drove under the directions of Utley. During the drive Utley searched and robbed Saunders and Perkins, taking $10.31 from Saunders, and between $300 and $400 from Perkins. A wrist watch and revolver were also stolen from Perkins.

The car was stopped in the country and both prisoners were ordered out in a corn field, but a car with lights was approaching, and they were ordered back

into the car, and driven some further distance, when the car was again stopped in the country and both prisoners ordered out. Utley and his accomplice then talked about killing them, and Perkins promised to pay some money to Utley when he sent somebody after it. Utley and his companion drove away, and Perkins and Saunders began walking to call for help. A passing motorist volunteered to notify the sheriff, which was done, and a sheriff's deputy came out to investigate the crime.

Later the same night, between three and four o'clock A. M., one Southern and Utley sought admission to the Three-C Club at 2705½ Northwestern Avenue, Indianapolis. This was an unincorporated, private organization with a club room or rooms on the second floor, where the members, as disclosed by the record, repaired for the purpose of conversation and playing ping pong. Pursuant to an established rule and policy of the club, enforced by the president-secretary, all gentlemen, before gaining admission, were searched and their knives and guns removed and deposited with the doorman for safe keeping, and returned to their respective possessors when they left the club quarters. Southern submitted to the regular search, which disclosed no knife or gun, and joined the other members at the rear of the quarters, but Utley refused to submit to a search or to leave. When he insisted on coming in, a scuffle occurred between him and several members of the club. He drew a gun, which was taken from him, and also another gun was taken, which was the gun he had just stolen from Perkins. Utley was kicked down stairs and never gained admission to the club quarters. Both guns were turned over to the Indianapolis Police officers the following Monday, on which day Utley was arrested and identified by Perkins and Saunders as the one who had kidnapped

them. Southern was jointly charged and tried with appellant, but he was acquitted by the jury.

At the close of all the State's evidence in chief, appellant filed a motion to require the court to instruct the jury to return a verdict of not guilty. This motion was overruled. Appellant then introduced evidence in his behalf. Any error in overruling the motion was waived by the introduction of evidence by the appellant in his own behalf. *White* v. *State* (1944), 222 Ind. 423, 54 N. E. 2d 106; *Fausett* v. *State* (1942), 219 Ind. 500, 39 N. E. 2d 728; *Bowen* v. *State* (1920), 189 Ind. 644, 128 N. E. 926; Eubank, *Indiana Criminal Law,* § 583, p. 399 (2d Ed.).

Appellant insists there was a fatal variance in that the evidence did not support the charge in the affidavit that Perkins was kidnapped from St. Clair Street and Paca Street in Indianapolis. This part of the affidavit charged that "James P. Utley . . . did then and there feloniously, fraudulently and forcibly arrest, imprison, carry off, decoy and kidnap one Andrew Perkins from a place within the State of Indiana, to-wit: St. Clair Street and Paca Street, in the City of Indianapolis, . . ." Upon the cross-examination of the witness George A. Saunders, the following questions and answers were made as to the location of Perkins' automobile:

"Q. Parked on St. Clair Street, and it was headed toward Indiana Avenue?

A. Yes, sir.

Q. At the corner of St. Clair and Paca and the Avenue?

A. Yes, sir.

Q. Well, now, what street was the car parked on?

A. St. Clair.

Q. Toward what street was it headed?

A. Indiana Avenue."

The record here does not contain any copy of a map showing the exact location of these streets, but this testimony does support the allegations of the affidavit as to place. Even if this witness were in error as to his answers, still no reversible error has been presented as to variance, since such error may only be saved by objecting to the evidence, which is a variance, at the time of its introduction at the trial, and if there be error in the court's ruling on the admission of such evidence, it must be assigned as a cause for a new trial. *Gillespie* v. *State* (1924), 194 Ind. 154, 142 N. E. 220; *Donnelly* v. *State* (1924), 194 Ind. 136, 142 N. E. 219. See also: *Bradley* v. *State* (1905), 165 Ind. 397, 75 N. E. 873; *Miller* v. *State* (1905), 165 Ind. 566, 76 N. E. 245; *Kruger* v. *State* (1893), 135 Ind. 573, 35 N. E. 1019. There were no objections made to the testimony as to the place from which the victims had been kidnapped, and there was no error in any ruling by the trial court in this matter.

There was no error in the trial court refusing to permit further cross-examination of the police officer Robert Butler as to the arrest of Utley on a vagrancy charge. This witness had already admitted that Utley was arrested on a vagrancy charge, that the witness did not suspect he was a vagrant, and that he was not begging on the street. The jury must have understood that the witness was not claiming Utley was a vagrant when arrested, and it was within the sound discretion of the trial court to refuse to permit further questions on this subject. *Savich* v. *State* (1928), 200 Ind. 417, 164 N. E. 273.

We have carefully examined the record of this case, and the uncontradicted evidence discloses the appel-

lant was guilty as charged. The verdict was sustained by sufficient evidence and was not contrary to law.

Judgment affirmed.

NOTE.—Reported in 91 N. E. 2d 355.