JOHNSON, ET AL. *v*. STATE OF INDIANA.

[No. 667-S-30. Filed September 18, 1968.]

*William C. Erbecker*, Indianapolis, for appellants.

*John J. Dillon*, Attorney General, and *Robert F. Hassett*, Deputy Attorney General, for appellee.

JACKSON, J.—Appellants were jointly charged with Conspiracy to Commit a Felony, to-wit: Burglary, by affidavit filed in the criminal court of Marion County. Trial was had by jury resulting in a verdict of guilty. Following the filing of the pre-sentence investigation report judgment was pronounced and defendants perfected this appeal.

The affidavit, omitting heading, formal parts, signature and jurat, reads in pertinent part as follows:

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY, Prosecuting Attorney of the Nine-

teenth Judicial Circuit, personally came CLIFFORD F. ADAMS who, being duly sworn, upon his oath says that JOHN PAUL JOHNSON and WILLIAM WILLIS on or about the 19th day of SEPTEMBER, A. D. 1966, at and in the County of Marion in the State of Indiana, did then and there unlawfully, knowingly, and feloniously unite, combine, conspire, confederate and agree to and with each other, for the object and purpose of unlawfully, feloniously and burglariously breaking and entering into the building and structure of THE KROGER CO., a corporation, at 1935 SHELBY STREET, City of Indianapolis, County of Marion, State of Indiana, which said building and structure was not a place of human habitation with the intent to commit a felony therein, to-wit: to unlawfully and feloniously and knowingly obtain and exert authorized control over property of said THE KROGER CO., a corporation, and to deprive said THE KROGER CO., a corporation, permanently of the use and benefit of said property, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Each of appellants waived arraignment and entered pleas of not guilty to the charge embraced in the affidavit.

Trial began February 27, 1967, a jury was selected, trial court gave preliminary instructions without objection, State made opening statement, defendants each waived opening statement, and cause was continued until February 28, 1967. On this date the State presented its evidence and rested, each defendant thereupon moved for a directed verdict of acquittal, such motion was overruled as to each defendant; whereupon defendant Willis presented his evidence and rested; defendant Johnson rested and the State rested. Thereupon, out of the presence of the jury, each of said defendants moved for a directed verdict of acquittal, such motion was overruled as to each defendant. The court submitted to the parties the court's additional instructions numbered from 19 to 34 inclusive. No objection was made to said instructions by either State or defendants. Defendants tendered instructions Nos. 1, 2 and 3, Nos. 1 and 2 were refused and No. 3 was given as court's instruction No. 23 1/2.

Thereafter the jury was returned, oral argument was had and concluded, the court instructed the jury which retired and thereafter returned its verdict reading in pertinent part as follows:

"We, the Jury, find the defendants JOHN PAUL JOHNSON and WILLIAM WILLIS, guilty of the crime of Conspiracy to Commit a Felony as charged by the affidavit and that they be fined $250.00, and that they be imprisoned not less than two (2) years nor more than fourteen (14) years, and that the age of the defendant JOHN PAUL JOHNSON is — years, and that the age of the defendant WILLIAM WILLIS is — years."

On March 9, 1967, after having examined the Pre-commitment Investigation reports filed by the Probation Department, the court, pursuant to the verdict of the jury, sentenced each of said defendants to the Indiana State Prison for not less than two (2) nor more than fourteen (14) years and fined each in the sum of $250.00 and costs, also found each defendant to be 31 years of age. Each of said defendants filed notice of appeal and Praecipe for Transcript.

Thereafter, on March 27, 1967, appellants filed their Motion for New Trial, which, omitting heading, formal parts and signature, reads in pertinent part as follows:

"Come now the defendants, WILLIAM WILLIS and JOHN PAUL JOHNSON, personally and by counsel, and move this Honorable Court for a new trial for the following reasons:

1. The verdict of the jury is contrary to law.

2. The verdict of the jury is not sustained by sufficient evidence.

3. Error of law.

WHEREFORE, the defendants, by counsel, respectfully move for a new trial."

Defendant's Memorandum in Support of their Motion for New Trial reads as follows:

"In this cause the defendants were charged with and convicted of conspiring to commit the felonious act of burglary

as established by statute (Burns' § 10-1101). This statute reads as follows: (H. I.).

In order to be a conspiracy under this statute the State must prove a deliberate and intelligent agreement to commit the offense charged. *Coughlin* v. *State,* (1950), 228 Ind. 393, 92 N. E. 2d 718. The conspiracy may be inferred from conduct of the parties, but evidence establishing a mere relationship or association between the parties is not sufficient. *Johnson* v. *State* (1935), 208 Ind. 89, 194 N. E. 619. Evidence which establishes such a relationship tends to establish a suspicion of guilt, but this is not enough to sustain a conviction. *Mattingly* v. *State* (1951), 237 Ind. 326, 145 N. E. 2d 650. Therefore, when an inference or series of inferences are necessary to establish a suspicion of guilt, this will not be sufficient to sustain a conviction of conspiracy. *Hutcheson* v. *State* (1963), 244 Ind. 345, 192 N. E. 2d 748.

In this case the prosecution's witnesses established at the very most only a physical activity conducted by three men. Two of these men (the defendants herein) were apprehended and tried for the crime of conspiring.

In its most favorable light the evidence would show that the defendants, along with an unidentified third party were observed at the rear door of a local Kroger store attempting to damage this door by the use of two crow bars. They were so observed by an Indianapolis Police Officer; and when they in turn observed him they fled. Defendant Willis was apprehended within seconds about 10 yards from the door. The evidence would further show that the door did lead into the rear of a retail food store which did in fact contain merchandise.

There was no evidence that the defendants were related or associated in any other manner. The record does not disclose any conversations, understandings, agreements, or any other communications between them. Nor does it show if, in fact, they even knew each other's names on the night of September 18, 1966.

It is well settled that the crime of second degree burglary requires proof of breaking and entering. While defendants admit that the act charged as a conspiracy need not be consummated, they do charge that the absence of said act and the absence of any evidence establishing an intentional and deliberate agreement acts to make the verdict contrary to law and also one which is not sustained by sufficient evidence.

*Copeland* v. *State* (1961), 242 Ind. 290, 176 N. E. 2d 894.

Error of Law, in rejecting and refusal to give Defendant's tendered instructions No. 1 and No. 2 as they were not covered or included in other instructions."

Appellant's motion for new trial was overruled April 16, 1967.

Appellant's Assignment of Errors is the single specification:

"1. The Trial Court below erred in overruling Appellants' Motion for New Trial."

Defendant's Tendered Instruction No. 1 (refused by the court) reads as follows:

"The law of Indiana relating to criminal conspiracy is such that the parties must have an intelligent and deliberate agreement between them to do the acts and commit the offense charged."

Defendant's Tendered Instruction No. 2 (refused by the court) reads as follows:

"In this case the defendants have been charged with conspiring to commit the criminal act of burglary. You must find that each defendant had as his common purpose and understanding not the mere breaking of a door, but also the following acts of entering and unlawfully removing property belonging to the Kroger Company."

The evidence adduced in this cause most favorable to the State may be summarized as follows: That at approximately midnight on September 18, 1966, a noise was heard at the back door of the Kroger Store located at 1935 Shelby in Indianapolis, Indiana, by two employees of the store who were there waiting to go to work. From the nature of the sounds the employees were of the opinion an attempt was being made to break into the store. One of the employees called the police who were directed to the store by radio. One of the officers who responded to the call left his car a little distance from the store and on foot approached the rear thereof where he

observed three men at the rear door of the store. The officer came to a halt approximately fifteen yards from the door over which there was a bright light burning. He observed the three men, two standing facing south, pulling on a crowbar, at the same time he saw another person facing north pulling on another crowbar. These parties were then about 2 feet apart. He identified appellant Johnson as one of these men. The witness observed these three persons for about a minute, after which they started running, with the officer in pursuit. Johnson ran west in the alley, the other appellant, Willis, ran south, jumped a railing in the rear of the Super X Drug Store and hid behind a trash can. The third person got away, running towards Calhoun Street. The witness had fired three warning shots after ordering the men to stop. The officer stood in front of the trash can and ordered Willis out, he came out with his hands up. The witness identified appellant Willis sitting in the court room. Johnson was apprehended by Officer Hutchinson and brought back to the Kroger Store by him, at which time both appellants were arrested. The witness identified State's Exhibits 2 and 3 as the crowbars used at the Kroger Store, and State's Exhibit 4 as the small crowbar in the door and showing door with the 4 to 5 inch gap in it. The picture was taken about ten minutes after the incident occurred.

The crime of conspiracy to commit a felony is set forth in Burns' (1956 Repl.) § 10-1101, which reads in pertinent part as follows:

"Any person or persons who shall unite or combine with any other person or persons for the purpose of commiting a felony, within or without this state; or any person or persons who shall knowingly unite with any other person or persons, body, association or combination of persons, whose object is the commission of a felony or felonies, within or without this state, shall. . . ."

In their brief the appellants make the following argument: "In the case at bar the prosecution's witnesses established at

the very most only a physical activity conducted by three men, two of these men (the appellants herein) were apprehended and tried for the crime of conspiracy.

In its most favorable light and the most favorable construction of the evidence most favorable to the State, the evidence would show that the defendants, along with an unidentified third party were observed at the rear door of a local Kroger Store attempting to damage this store by the use of two crowbars. They were so observed by an Indianapolis Police Officer, and when they in turn observed him they fled. Appellant Willis was apprehended within seconds about 10 yards from the door. The evidence would further show that said door did lead into the rear of a retail food store which in fact did contain merchandise.

There was no evidence that the defendants were related or associated in any other manner other than this proximity. The record does not disclose any conversations, understandings, agreements, or any other communications between them. In fact, the record is barren of any evidence that they even knew each other's names on the night of the alleged crime, September 18, 1966.

It is well settled that the crime of second degree burglary requires proof of breaking and entering; while appellants admit that the act charged, namely a conspiracy, need not be consummated they do maintain that the absence of said act and the total absence of any evidence establishing an intentional and deliberate agreement results in making the verdict contrary to law because it is not sustained by sufficient evidence."

Appellants present an interesting argument but this Court has had in the past several cases similar in nature and has spoken as follows:

It is well settled that a conviction of conspiracy can rest on circumstantial evidence. In *Gaynor* v. *State* (1966), 247 Ind. 470, 217 N. E. 2d 156 this Court stated:

"It has been held that a conspiracy does not need to rest solely on words giving rise to an express agreement, but may be inferred from acts and conduct of the persons accused done in pursuance of an apparent criminal or unlawful purpose in common between them." Citing *Smith* v. *State* (1960), 241 Ind. 311, 170 N. E. 2d 794; *Steffler* v. *State* (1952), 230 Ind. 557, 104 N. E. 2d 729.

In *Robertson* v. *State* (1952), 231 Ind. 368, 108 N. E. 2d 711 the Court stated:

"There must be an agreement and there must be evidence to prove the agreement directly, *or such a state of facts that an agreement can be legally inferred.*" 231 Ind. 368, 370 (Emphasis added).

*In Steffler* v. *State, supra,* this Court quoted *Brewster* v. *State* (1917), 186 Ind. 369, 115 N. E. 54, wherein it was stated:

"It is not necessary to prove that the defendants came together and actually agreed in terms to have the unlawful purpose and to pursue it by common means. If it be proved that the defendants pursued by their acts the same object, often by the same means, one performing one part and another part of the same so as to complete it with a view to the attainment of that same object, the jury will be justified in the conclusion that they were engaged in a conspiracy to effect that object." 230 Ind. 557, 564.

In *Robertson* v. *State, supra,* the Court stated:

"Concurrence of sentiment and cooperative conduct in the unlawful and criminal enterprise are the essential ingredients of criminal conspiracy." 231 Ind. 368, 370.

We are of the opinion that there was sufficient evidence from which an agreement to commit burglary can be inferred. The two appellants and an unidentified third man were observed by the officer at the rear door of the store. They were within two feet of each other. Willis and the unidentified man were pulling on one crowbar and Johnson was pulling on the other crowbar. The men were "working" on the same door, which was locked. It it common knowledge that

crowbars are frequently used in committing burglaries. They were about their business around midnight when the store was closed. They were obviously engaged in a cooperative effort to break into the store. Just before their flight from the officer, they had partly succeeded in that they had forced a four to five inch gap in the door.

Thus, the evidence showed something more than mere presence at the scene of the crime; there was physical closeness or association among the three men and a concert of action among them using burglarious tools in an effort to open the same door.

The facts in the case at bar are very similar to those in *Taylor* v. *State* (1956), 235 Ind. 126, 131 N. E. 2d 297. In that case the defendants were charged with conspiracy to .commit a felony, burglary. Witnesses heard the breaking of a window in the store. Immediately afterward, one of the defendants was seen working with the window while the other defendant held him up. When the police arrived, both defendants attempted to hide. When apprehended, one had a screwdriver in his pocket. There was evidence that an attempt had been made to pry the window loose with a tool similar to a screwdriver. A stone was found inside the building near the broken window.

In sustaining the conviction this Court, holding that the evidence was sufficient to establish by inference a common purpose, stated:

> "It is not necessary that the evidence show a formal agreement to form a conspiracy nor that the object of the conspiracy be actually committed." 235 Ind. 126, 131. Citing cases.

We are of the opinion that in many cases actions speak louder than words. In the .case at bar, the verdict is sustained by substantial evidence of probative value.

In the caption to point B in their brief appellants claim they were prejudiced in that the .court gave numerous im-

proper instructions. (Appellants made no objections to the instructions given by the court at the trial, or in their motion for new trial, and have not argued this specific ground in their brief. They have thereby waived any questions on appeal as to the instructions given by the court.) *Warren* v. *State* (1963), 243 Ind. 508, 188 N. E. 2d 108; Rule 1-7 (2).

Appellants raise the question of prejudice by failure to give defendants' tendered instructions numbered 1 and 2, previously set forth herein and therefore not here shown. We are of the opinion that appellants were not harmed by refusal of the court to give appellants' tendered instructions numbered 1 and 2 since the import of these instructions was amply covered by the trial court's instructions numbered 6, 10, 11 and 23 1/2. (It is not prejudicial error to refuse to give a defendant's tendered instructions when the substance of the tendered instructions is covered by other instructions.) *Hedrick* v. *State* (1951), 229 Ind. 381, 98 N. E. 2d 906.

With respect to defendant's tendered instruction No. 3 which was given by the court as its own No. 23 1/2, and which reads as follows:

"Concurrence of sentiment and co-operative conduct in the unlawful and criminal enterprise are the essential ingredients of criminal conspiracy. There must be an agreement and there must be evidence to prove the agreement directly, or such a state of facts that an agreement may be legally inferred. Conspiracies cannot be established by mere suspicion. Evidence of mere relationship or association between the parties does not show a conspiracy."

Our only comment is that appellants requested that it be given. If they are now dissatisfied with the instruction, they invited the error, if any, and we will not relieve them of the consequences of their own act.

Appellants point C of their brief in the heading of that paragraph asserts "The evidence was insufficient in that it not

only failed to establish a prima facie case, but, there was a total variance of proof which was fatal to the conviction which requires a reversal."

(The appellants raised the question of a variance of proof in the trial court by making a motion for a directed verdict, which was overruled, appellants then put on evidence. By so doing they waived any question of variance of proof.) *Craig* v. *State* (1957), 236 Ind. 434, 140 N. E. 2d 881; *Hansen* v. *State* (1952), 230 Ind. 635, 106 N. E. 2d 226; *Utley* v. *State* (1950), 228 Ind. 210, 91 N. E. 2d 355; *Swift* v. *State* (1961), 242 Ind. 87, 176 N. E. 2d 117; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Warren* v. *State* (1963), 243 Ind. 508, 188 N. E. 2d 108; *Johnson* v. *State* (1964), 245 Ind. 295, 198 N. E. 2d 373; *Ward* v. *State* (1965), 246 Ind. 374, 205 N. E. 2d 148.

Appellants' further contention that there was a total failure of proof on the part of the State has been previously answered herein and requires no further discussion.

The judgment is affirmed.

Lewis, C. J., and Arterburn, Hunter and Mote, JJ., concur.

NOTE.—Reported in 240 N. E. 2d 70.