**Mary FLINN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 2–280A62.**

Court of Appeals of Indiana, Fourth District.

Sept. 15, 1980.

Timothy J. Burns, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen:, Indianapolis, for appellee.

YOUNG, Presiding Judge.

Mary Flinn was convicted of conspiracy to commit the felony of prostitution. She appeals contending that the evidence was insufficient and thus her conviction was contrary to law.

An examination of the evidence in a light most favorable to the State reveals the following facts. Charles D. Puett on a day in April of 1976 went to Mary's Health Studio at 701 North Emerson Avenue in Indianapolis, Indiana. A man named Frank met him there. They both entered the house at that address and Frank introduced him to Mary Flinn as "John," a good friend and insurance salesman. Frank urged Mary to take care of "John" and that there was no "problem." Frank did not know that "John" was really Charles Puett, a part–time police officer of the City of Indianapolis and a full time coffee salesman.

After the introduction, Frank left. "John" and Mary sat on a couch engaging in what "John" characterized as a "small" conversation. Mary brought out three girls—two white and one black, and asked "John" which one he wanted. "John" selected one whose name he did not recall. He, the girl and Mary went to a locked door to go upstairs. Mary asked "John" if Frank had discussed the charges. Mary unlocked the door and asked if "John" was aware of the prices. He replied that he wasn't. She asked what he wanted and he replied "well, I don't really know, I never visited one of these places before." Mary said, "How about a half and half?" He understood that to mean oral "sex and sodomy." Mary's price for that service was $20.00.

With the girl he selected, "John" proceeded up the stairs to the second floor. He was told to select a bedroom while she

stopped at the restroom. He started to take off his shirt when she entered the room naked. Saying that he had a little extra money, "John" asked her if he could have a black girl as well. She told him to ask Mary. He went back downstairs, asked, and was told by Mary that the black girl would cost another twenty. He paid the twenty and Mary told a girl to go upstairs with him. Then he went to the restroom where he waited for three or four minutes. When he returned to the room both girls were naked sitting on the bed. He stripped to his shorts. "John" walked over to the girls and told them that he had had problems with his wife, that he never had done anything like this before and that he just "couldn't do it." He said they could keep the money. The girls responded that he had to have sex regardless. He dressed and left the room. Mary seated at the desk asked him what the problem was. He said, "That's the fastest $40.00 you've made today." She "hollered" at him.

Outside, "John" waited for two officers, Lieutenant McNeil and Officer Summers of the Indianapolis Police Department who arrived shortly. The three reentered the "health studio." After a few obscenities by Mary, she was arrested. The forty dollars was not recovered. There is no evidence that the initial twenty was ever paid.

Charles D. Puett ["John"], testified that the health studio's reputation was that of a place where a person could pay for sex. Vice Officer Summers testified that he went to the "health studio" on April 9, 1976 upon investigation at about noon together with Puett and McNeil. He and McNeil watched Puett enter the health studio from an unmarked car a block away. Puett came out twenty minutes later with Mary in pursuit. She was arrested. Puett returned $330.00 of the $370.00 that had been given him to finance his visit.

The applicable statute, IC 35–1–111–1, since repealed, reads as follows:

Any person or persons who shall untie or combine with any other person or persons for the purpose of committing a felony, within or without this state; or any person or persons who shall knowingly unite with any other person or persons, body, association or combination of persons, whose object is the commission of a felony or felonies, within or without this state, shall, on conviction, be fined not less than twenty–five dollars ($25.00) nor more than five thousand dollars ($5,000), and imprisoned in the state prison not less than two (2) years nor more than fourteen (14) years.

The evidence that Mary Flinn displayed the three girls and asked Puett his choice; suggested a "half and half;" was paid $20.00 for that service; directed Puett to an upstairs room; the girl suggesting that Puett check with Mary Flinn about whether he could have a "party" with two girls; accepting $20.00 for that additional service, all show that she and the girls established a meeting of the minds or an agreement to commit prostitution. These acts established beyond a reasonable doubt that Flinn and the other girls united or combined in sentiment and cooperative conduct in the felonious enterprise of prostitution. *Johnson v. State,* (1968) 251 Ind. 182, 240 N.E.2d 70.

Affirmed.

CHIPMAN and MILLER, JJ., concur.