**Richard R. AMBURN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 23A01–8903–CR–74.

Court of Appeals of Indiana, First District.

Jan. 25, 1990.

Mark A. Greenwell, Newport, for appellant.

Linley E. Pearson, Atty. Gen. and Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## ON PETITION FOR REHEARING

ROBERTSON, Judge.

The State has petitioned for rehearing in this cause and upon consideration of that petition we conclude that the prior opinion, handed down on November 15, 1989, is in error and should be set aside and held for naught. We affirm the defendant-appellant Amburn's conviction for the reasons stated below.

The evidence favoring the verdict showed that Amburn, a school bus driver, was en route to a high school basketball game with the victim, thirteen-year-old A.D. as his only passenger. A.D. had asked Amburn to take her back to the school when it appeared that A.D.'s mother had not yet arrived home to take A.D. Amburn stopped at his house, telling A.D. he needed to change clothes before the game.

Before going inside, Amburn asked A.D. whether she would prefer to wait inside the house, since it was cold outside and he had turned the ignition off. A.D. declined, saying she would study on the bus until he returned. After Amburn walked to the back of the bus to pick up trash, he returned to the front, where A.D. was seated, and asked her again if she wanted to come inside the house. Again she said no. Then Amburn, still turned toward A.D., but looking toward his house, touched A.D. on the area just above her breasts. He withdrew his hand momentarily, then put his hand on her right breast and squeezed hard. Amburn touched A.D. outside her shirt but inside the windbreaker-type jacket she was wearing. Neither Amburn nor A.D. said anything during the event, and after touching A.D. the second time, Amburn exited the bus and went inside to change clothes. When he returned to the bus, nothing was said about the occurrence, and Amburn drove A.D. to school without further incident.

The admission at trial of testimony regarding Amburn's prior sexual misconduct is the only error on which this appeal is based.

The questioned evidence was the testimony of three women who related that Amburn had suddenly touched them on the breast or in the area of the crotch, in the same fleeting manner which characterized Amburn's touching of A.D. C.H. was twenty-two and married when Amburn, who worked with C.H.'s husband, came to her house, struck up a conversation, then while talking suddenly squeezed her breast. He commented "that felt nice" and asked her 5 times to kiss him. C.H. declined and Amburn left the house.

Y.D. was aged 16 and married when Amburn and a companion stopped their car to help Y.D. start her stalled truck. Y.D. was acquainted with Amburn and recognized him. While Amburn's companion was looking under the hood, Amburn reached into the truck where Y.D. sat and thrust his hand inside Y.D.'s halter top, and with his other hand, felt her crotch area. Amburn

said nothing, and Y.D. drove away once the truck was started.

J.B., age 16 at the time of the incident was a family babysitter. Amburn was driving her to the house to watch his children for the evening when he began touching her breast and crotch, and offering to "take away her virginity."

A.D. and the three witnesses readily identified Amburn at trial. Amburn's counsel voiced a continuing objection to the testimony of the three women about past bad acts involving Amburn, but the trial court overruled the objection and admitted it. The court's final instructions to the jury included one limiting the jury's consideration of the evidence to show Amburn's depraved sexual instinct. Amburn tendered that instruction.

▬▬ This was error. Generally, evidence which shows or tends to show guilt of separate, unrelated, independent crimes is not admissible as proof of guilt in the instant case.

▬▬ However, error invited by the complaining party is not reversible error. *Lacy v. State* (1982), Ind., 438 N.E.2d 968. More specifically, the giving of an instruction tendered by the defendant cannot cause prejudicial error. *Johnson v. State* (1968), 251 Ind. 182, 240 N.E.2d 70. As a result there is no reason to reverse this conviction for the reasons that Amburn now contends.

We conclude with the observation that rulings on a motion in limine present no appealable error. *Taylor v. State* (1986), Ind., 496 N.E.2d 561.

The motion for rehearing is granted and the judgment is affirmed.

CONOVER, J., concurs.

BAKER, J., concurs with separate opinion.

## ON PETITION FOR REHEARING

BAKER, Judge, concurring.

I concur in the result reached by the majority and agree with the reasoning set forth in its opinion. Nonetheless, I would

affirm the trial court's admission of the testimony in question under the depraved sexual instinct exception. As pointed out in my original dissenting opinion, evidence of prior criminal sexual conduct is admissible in prosecutions for crimes involving a depraved sexual instinct. *Lehiy v. State* (1986), Ind.App., 501 N.E.2d 451. The crime prosecuted in the present case was child molesting, an act involving a depraved sexual instinct. *Knisley v. State* (1985), Ind.App., 474 N.E.2d 513. Accordingly, the testimony was admissible under the depraved sexual instinct exception.