**David WEISS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 17A03–0810–PC–480.**

Court of Appeals of Indiana.

April 3, 2009.

Transfer Denied June 11, 2009.

John Pinnow, Special Assistant to the State Public Defender, Greenwood, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Arturo Rodriguez, II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

ROBB, Judge.

*Case Summary and Issue*

David Weiss appeals the denial of his petition for post-conviction relief. On appeal, Weiss raises two issues, which we consolidate and restate as whether the post-conviction court improperly determined that Weiss's habitual offender admission was knowing and voluntary. Concluding the post-conviction court's determination was not improper, we affirm.

*Facts and Procedural History*

On September 8, 2003, a confidential informant purchased methamphetamine from Weiss at Weiss's DeKalb County home. Based on this purchase, a search warrant was issued several hours later, which resulted in police officers seizing methamphetamine and two firearms from Weiss's home. On September 9, 2003, the State charged Weiss with possession of methamphetamine with intent to deliver, a Class A felony; delivery of methamphetamine, a Class A felony; possession of a firearm by a serious violent felon, a Class B felony; and maintaining a common nuisance, a Class D felony. On January 21, 2004, the State filed a notice for sentence enhancement under the habitual offender statute, alleging that Weiss had two prior unrelated felony convictions, specifically a conviction in 1988 from Arizona for possession of methamphetamine and a conviction in 1992 from Nevada for possession of methamphetamine with intent to sell. On November 17, 2004, the parties entered into a plea agreement whereby Weiss agreed to admit to being an habitual offender and plead guilty to possession of methamphetamine with intent to deliver as a Class B felony and possession of a firearm by a serious violent felon as a Class B felony. In exchange, the State agreed to dismiss the remaining charges, cap the executed portion of Weiss's sentence at forty years, and not pursue charges for other alleged methamphetamine sales.

On the same day the parties entered into the plea agreement, the trial court conducted a guilty plea hearing, at which it received into evidence two certified judgments of conviction to support the habitual offender allegation, as well as two additional certified judgments of conviction, specifically a conviction in 1982 from Nevada for sale of LSD and a conviction in 1991 from Nevada for possession of methamphetamine with intent to sell. On January 10, 2005, the trial court accepted Weiss's guilty plea and habitual offender admission and sentenced him to twenty years for possession of methamphetamine with intent to deliver, enhanced by twenty years based on the habitual offender admission, and twenty years for possession of a firearm by a serious violent felon. The trial court ordered the sentences to run concurrently, resulting in an aggregate sentence of forty years with the Indiana Department of Correction. Our supreme court affirmed Weiss's sentence. *Weiss v. State*, 848 N.E.2d 1070, 1073 (Ind.2006).

With his remedies on direct appeal having been exhausted, on August 11, 2006, Weiss filed a pro se petition for post-conviction relief, which he later amended with the assistance of counsel. Weiss's petition sought relief on the ground that his admission to habitual offender status was not knowing and voluntary because his

criminal history did not make him eligible for such status. On January 24, 2008, the post-conviction court conducted a hearing on Weiss's petition and subsequently issued findings of fact and conclusions of law denying relief. Weiss now appeals.

### Discussion and Decision

### I. Standard of Review

■ To obtain relief, a petitioner in a post-conviction proceeding bears the burden of establishing his claims by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not defer to the post-conviction court's conclusions of law. *Martin v. State,* 740 N.E.2d 137, 139 (Ind.Ct.App.2000). Moreover, when the petitioner appeals from a denial of relief, the denial is considered a negative judgment and therefore the petitioner must establish "that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Stevens v. State,* 770 N.E.2d 739, 745 (Ind.2002), *cert. denied,* 540 U.S. 830, 124 S.Ct. 69, 157 L.Ed.2d 56 (2003).

### II. Knowing and Voluntary Admission

Weiss argues his habitual offender admission was not knowing and voluntary. To support this argument, Weiss claims his criminal history does not meet the requirements of the habitual offender statute, specifically Indiana Code section 35–50–2–8(d)(3). The State agrees with Weiss's major premise—that is, it concedes that if Weiss's criminal history does not make him eligible for habitual offender status, then his admission was not knowing and voluntary—but contends that Weiss's criminal history nevertheless makes him eligible for sentence enhancement as an habitual offender.

■ To resolve this dispute, we must initially review several provisions of the habitual offender statute, Indiana Code section 35–50–2–8. Subsection (a) of that statute permits the State to seek sentence enhancement if the defendant is an "habitual offender"—a term the subsection goes on to define as a person who has "accumulated two (2) prior unrelated felony convictions." Subsection (c) states that a person has accumulated two prior unrelated felony convictions if "(1) the second prior unrelated felony conviction was committed after sentencing for the first prior unrelated felony conviction; and (2) the offense for which the state seeks to have the person sentenced as a habitual offender was committed after sentencing for the second prior unrelated felony conviction." However, the statute goes on to state the following exclusion:

(d) A conviction does not count for purposes of this section as a prior unrelated felony conviction if:

. . .

(3) all of the following apply:

(A) The offense is an offense under IC 16–42–19 or IC 35–48–4.

(B) The offense is not listed in section 2(b)(4) of this chapter.

(C) The total number of unrelated convictions that the person has for:

(i) dealing in or selling a legend drug under IC 16–42–19–27;

(ii) dealing in cocaine or a narcotic drug (IC 35–48–4–1);

(iii) dealing in a schedule I, II, III controlled substance (IC 35–48–4–2);

(iv) dealing in a schedule IV controlled substance (IC 35–48–4–3); and

(v) dealing in a schedule V controlled substance (IC 35–48–4–4);

does not exceed one (1).

Ind.Code § 35–50–2–8(d). Stated differently, subsection (d) provides "that a conviction for dealing or possession of an illegal drug does not count for habitual offender purposes if that crime was not classified as a 'crime of violence' under Indiana Code Section 35–50–2–2(b)(4) and the defendant has only one or no convictions for illegal drug dealing." *Williams v. State*, 834 N.E.2d 225, 230 (Ind.Ct. App.2005). We also observe that although Weiss's criminal history consists entirely of out-of-state convictions, that fact does not prevent us from determining whether those convictions are subject to subsection (d)(3). *See Lampitok v. State*, 817 N.E.2d 630, 644 (Ind.Ct.App. 2004), *trans. denied.* Instead, we analyze the out-of-state convictions as if they had been committed in Indiana. *See id.* With these observations in mind, we address whether subsection (d)(3) counts Weiss's convictions for habitual offender purposes.

Turning first to subsection (d)(3)(A), the State concedes that subsection applies. The State's concession is well-taken because the prior unrelated felony convictions supporting Weiss's habitual offender admission—the 1992 conviction for possession of methamphetamine with intent to sell and the 1988 conviction for possession of methamphetamine—are violations of Indiana Code sections 35–48–4–1(a)(2)(C) and 6(a),[1] thus making each an "offense under ... IC 35–48–4." Ind.Code § 35–50–2–8(d)(3)(A). Accordingly, we conclude subsection (d)(3)(A) applies.

■ The State's concession brings us to subsection (d)(3)(B), which requires us to determine whether the 1992 and 1988 convictions are listed in Indiana Code section 35–50–2–2(b)(4).[2] Drug-related possession offenses such as Weiss's 1988 conviction are not listed in Indiana Code section 35–50–2–2(b)(4). Drug-related possession with intent to deliver offenses such as Weiss's 1992 conviction are listed, but only to the extent such an offense is accompanied by a finding that the defendant either possessed a firearm at the time of the offense or intended to deliver the drug to a minor while within 1,000 feet of a school or other similar facility frequented by children. *See, e.g.,* Ind.Code § 35–50–2–2(b)(4)(O). The record does not indicate that any of these special circumstances accompany Weiss's 1992 conviction; if anything, the record indicates the 1992 conviction is a garden-variety offense for possession with intent to deliver. Accordingly, we conclude subsection (d)(3)(B) applies.

■ The final inquiry is whether Weiss's criminal history consists of more than one unrelated felony conviction among the offenses listed in subsection

1. We recognize methamphetamine-related offenses are currently codified under Indiana Code sections 35–48–4–1.1 and –6.1. However, at the time of Weiss's sentence in 2005, those provisions did not exist, and methamphetamine-related offenses were codified under Indiana Code sections 35–48–4–1 and –6. *See* P.L. 151–2006, §§ 22 to 25 (deleting methamphetamine-related offenses from Indiana Code sections 35–48–4–1 and –6 and adding Indiana Code sections 35–48–4–1.1 and –6.1 to address such offenses).

2. We note as an aside that the parties interpret "offense" within the meaning of subsection (d)(3)(B) as referring to the offense to which the habitual offender sentence enhancement was attached, not to the prior unrelated felony convictions supporting habitual offender status. The parties' interpretation, however, overlooks that subsection (b)(3)(B) of the habitual offender statute inquires whether the offense to which the habitual offender sentence enhancement was attached is listed under in Indiana Code section 35–50–2–2(b)(4). *See Lampitok*, 817 N.E.2d at 644; *Johnican v. State*, 804 N.E.2d 211, 216 (Ind.Ct.App.2004). We doubt our legislature drafted the habitual offender statute with such a redundant inquiry in mind, which is what the parties' interpretation urges.

(d)(3)(C). Weiss's felony criminal history consists of a 1991 conviction from Nevada for possession of methamphetamine with intent to sell and a 1982 conviction from Nevada for sale of LSD, as well as the two previously mentioned convictions that were used to support Weiss's habitual offender admission, specifically the conviction in 1992 for possession of methamphetamine with intent to sell and the conviction in 1988 for possession of methamphetamine. The postconviction court concluded that Weiss's conviction for sale of LSD and his two convictions for possession of methamphetamine with intent to sell were "dealing" convictions within the meaning of subsection (d)(3)(C). Weiss does not appear to challenge the post-conviction court's conclusion regarding his sale of LSD conviction. Instead, Weiss contends that subsection (d)(3)(C) does not "include convictions for possession with intent to deliver." Appellant's Brief at 9.

The question therefore becomes whether subsection (d)(3)(C) treats possession with intent to deliver convictions as dealing convictions or whether the provision is limited to convictions involving actual dealing only. Before addressing this question, we note the following well-established rules governing interpretation of penal statutes:

> Penal statutes should be construed strictly against the State and ambiguities should be resolved in favor of the accused. At the same time, however, statutes should not be narrowed so much as to exclude cases they would fairly cover. Also, we assume that the language in a statute was used intentionally and that every word should be given effect and meaning. We seek to give a statute practical application by construing it in a way favoring public convenience and avoiding absurdity, hardship, and injustice. And statutes concerning the same subject matter must be read

together to harmonize and give effect to each.

*Merritt v. State*, 829 N.E.2d 472, 475 (Ind. 2005) (footnotes omitted).

Weiss's interpretation of subsection (d)(3)(C) as being limited to offenses involving actual dealing only overlooks that the subsection goes on to list specific statutes. With the exception of dealing or selling a legend drug under Indiana Code section 16–42–19–27, the listed statutes prescribe the same criminal penalty for so-called "dealing" offenses if the defendant completes a drug transaction (i.e., an actual delivery of the drug from the defendant-seller to a buyer, as "delivery" is defined by Indiana Code section 35–48–1–11), *see* Ind.Code §§ 35–48–4–1(a)(1)(C); –2(a)(1)(C); –3(a)(1)(C); –4(a)(1)(C), or if the defendant possesses the drug with the intent to deliver it, *see* Ind.Code §§ 35–48–4–1(a)(2)(C); –2(a)(2)(C); –3(a)(2)(C); –4(a)(2)(C). Stated differently, although subsection (d)(3)(C) ostensibly refers to "dealing" offenses, it also lists specific statutes that make no distinction in terms of criminal liability between actual dealing and possession with intent to deliver. Adopting Weiss's interpretation would require us to disregard these statutes, which is precisely the type of "narrowing" that is precluded by our rules governing interpretation of penal statutes. *See Merritt*, 829 N.E.2d at 475. We therefore interpret subsection (d)(3)(C) as not being limited to a list of certain drug-related offenses involving actual dealing only, but as including the offenses enumerated in each of the statutory provisions listed within the subsection, specifically Indiana Code sections 16–42–19–27, 35–48–4–1, 35–48–4–2, 35–48–4–3, and 35–48–4–4.

Having rejected Weiss's interpretation of subsection (d)(3)(C), we agree with the post-conviction court's conclusion that Weiss's convictions for the offenses listed in that subsection exceed one. Such a

conclusion means that subsection (d)(3)(C) does not apply, which in turn compels a conclusion that Weiss's 1992 and 1988 convictions were properly counted as prior unrelated felony convictions to support his habitual offender admission. Accordingly, Weiss's criminal history made him eligible for habitual offender status, and it follows that the post-conviction court did not improperly conclude that Weiss's admission to such status was knowing and voluntary.[3]

### Conclusion

The post-conviction court's conclusion that Weiss knowingly and voluntarily ad-

mitted to habitual offender status was not improper.

Affirmed.

CRONE, J., and BROWN, J., concur.

---

**3.** We note in closing that based on our interpretation of subsection (d)(3)(C), the status of future habitual offender findings predicated on methamphetamine-related felony convictions may be less certain because subsection (d)(3)(C) does not currently list the statutes pertaining to methamphetamine-related offenses, specifically Indiana Code sections 35–48–4–1.1 and –6.1. *See also supra,* note 1. In drafting these new statutory provisions pertaining to methamphetamine-related offenses, we are skeptical the legislature intended to omit such offenses from subsection (d)(3)(C) and urge the legislature to correct this omission in the event our inclination is correct.