Andre Syval PEOPLES, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 79A02–0812–CR–1141.

Court of Appeals of Indiana.

Aug. 28, 2009.

Jason W. Bennett, Bennett Boehning & Clary LLP, Lafayette, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Angela N. Sanchez, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Andre Peoples entered a plea of guilty to dealing cocaine as a Class B felony, then after a bench trial was found to be an habitual offender. He argues on appeal the habitual offender enhancement was improper because his prior convictions do not support such an enhancement. We affirm.

### FACTS AND PROCEDURAL HISTORY

At Peoples' bench trial the State presented evidence Peoples had two prior felony convictions in Illinois. One was for forgery and the other was for possession of cocaine with intent to deliver. The trial court found Peoples was an habitual offender and sentenced him to ten years for the felony to which he pled guilty and an additional ten years for the habitual offender enhancement.

### DISCUSSION AND DECISION

The parties do not dispute the nature and sequence of Peoples' prior convictions. Rather, they disagree whether the trial court properly interpreted the habitual offender statute. We will accordingly review *de novo* this question of statutory interpretation. *See Rich v. State*, 890 N.E.2d 44, 49 (Ind.Ct.App.2008), *trans. denied* 898 N.E.2d 1223 (Ind.2008).

We begin with the following well-established rules governing interpretation of penal statutes:

Penal statutes should be construed strictly against the State and ambiguities should be resolved in favor of the accused. At the same time, however, statutes should not be narrowed so much as to exclude cases they would fairly cover. Also, we assume that the language in a statute was used intentionally and that every word should be given effect and meaning. We seek to give a statute practical application by construing it in a way favoring public convenience and avoiding absurdity, hardship, and injustice. And statutes concerning the same subject matter must be read together to harmonize and give effect to each.

*Merritt v. State*, 829 N.E.2d 472, 475 (Ind. 2005) (footnotes omitted).

■ The Habitual Offender statute, Ind. Code § 35–50–2–8 provides:

(a) Except as otherwise provided in this section, the state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.

(b) The state may not seek to have a person sentenced as a habitual offender for a felony offense under this section if:

\* \* \* \* \* \*

(3) all of the following apply:

(A) The offense is an offense under IC 16–42–19 or IC 35–48–4.

(B) The offense is not listed in section 2(b)(4) of this chapter.

(C) The total number of unrelated convictions that the person has for:

(i) dealing in or selling a legend drug under IC 16–42–19–27;

(ii) dealing in cocaine or a narcotic drug (IC 35–48–4–1);

(iii) dealing ·in a schedule I, II, III controlled substance (IC 35–48–4–2);

(iv) dealing in a schedule IV controlled substance (IC 35–48–4–3); and

(v) dealing in a schedule V controlled substance (IC 35–48–4–4);

does not exceed one (1).

(c) A person has accumulated two (2) prior unrelated felony convictions for purposes of this section only if:

(1) the second prior unrelated felony conviction was committed after sentencing for the first prior unrelated felony conviction; and

(2) the offense for which the state seeks to have the person sentenced as a habitual offender was committed after sentencing for the second prior unrelated felony conviction.

(d) A conviction˙ does not count for purposes of this section as a prior unrelated felony conviction if:

\* \* \* \* \* \*

(3) all of the following apply:

(A) The offense is an offense under IC 16–42–19 or IC 35–48–4.

(B) The offense is not listed in section 2(b)(4) of this chapter.

(C) The total number of unrelated convictions that the person has for:

(i) dealing in or selling a legend drug under IC 16–42–19–27;

(ii) dealing in cocaine or a narcotic drug (IC 35–48–4–1);

(iii) dealing in a schedule I, II, III controlled substance (IC 35–48–4–2);

(iv) dealing in a schedule IV controlled substance (IC 35–48–4–3); and

(v) dealing in a schedule V controlled substance (IC 35–48–4–4);

does not exceed one (1).

(e) The requirements in subsection (b) do not apply to a prior unrelated felony conviction that is used to support a sentence as a habitual offender. A prior unrelated felony conviction may be used under this section to support a sentence as a habitual offender even if the sentence for the prior unrelated offense was enhanced for any reason, including an enhancement because the person had been convicted of another offense. However, a prior unrelated felony conviction under IC 9–30–10–16, IC 9–30–10–17, IC 9–12–3–1 (repealed), or IC 9–12–3–2 (repealed) may not be used to support a sentence as a habitual offender.

(f) If the person was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing. If the trial was to the court or the judgment was entered on a guilty plea, the court alone shall conduct the sentencing hearing under IC 35–38–1–3.

(g) A person is a habitual offender if the jury (if the hearing is by jury) or the court (if the hearing is to the court alone) finds that the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated felony convictions.

(h) The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years.

In every habitual offender charge, there are three relevant convictions: the conviction to which the habitual offender enhancement is attached (the "instant conviction"), and two prior felony convictions. Each conviction must be "unrelated," meaning each offense must be committed after sentencing for the prior offense. Generally, this is sufficient to permit the habitual offender enhancement for the instant offense.

But when any of the convictions are drug offenses, additional requirements must be satisfied. If the instant offense is a drug offense, subsection (b)(3) applies. If all the conditions of subsection (b)(3) are satisfied, the instant conviction cannot be enhanced. If a prior conviction is a drug offense, subsection (d)(3), which includes the same language as (b)(3), applies. If all the conditions of subsection (d)(3) are satisfied, the prior conviction cannot be included as one of the two prior convictions necessary for the instant conviction to be enhanced.

We have interpreted this "confusing" statute to mean "[i]n other words, a trial court is prohibited from enhancing a drug offense ... where the underlying offense is not delineated in Indiana Code § 35–50–2–2(b)(4) and the defendant has not accrued two or more unrelated dealing convictions." *Johnican v. State,* 804 N.E.2d 211, 216 (Ind.Ct.App.2004). Subsection (d)(3) imposes the same criteria for determining when a substance abuse offense may be used as a prior unrelated felony conviction.

The parties disagree on only one point: how to calculate the total number of unrelated dealing convictions Peoples has accumulated.[1] Peoples argues the habitual offender enhancement cannot be attached to

---

1. Peoples' criminal history consists of out-of-state convictions, in which case we determine whether those convictions are subject to sub-

section (d)(3) by analyzing the out-of-state convictions as if they had been committed in Indiana. *Weiss v. State,* 903 N.E.2d 557, 561

the instant conviction under subsection (b)(3) because the instant conviction is a drug offense, satisfying subsection (b)(3)(A); it was not aggravated because guns or children were involved, satisfying subsection (b)(3)(B); and "the number of *priors for dealing*" does not exceed one, satisfying subsection (b)(3)(C)(i)-(v). (Appellant's Br. at 6) (emphasis supplied).

But the language of subsection (b)(3)(C) does not say more than one "prior," nor does the identical language in subsection (d)(3)(C)—rather, it requires that "the *total number of unrelated convictions*" for certain drug offenses "does not exceed one (1)." Peoples' instant conviction of dealing cocaine and his prior conviction of cocaine possession with intent to deliver are undoubtedly "unrelated" and the two convictions undoubtedly "exceed one."

The State argues the statute is not limited to "only prior convictions but requires the summation of the 'total number of unrelated convictions' Defendant has accumulated for dealing drugs," (Br. of Appellee at 10), and notes Peoples "inserts the word 'prior' before 'unrelated convictions' where it does not exist." (*Id.*) We agree. There are numerous references throughout the statute to the word "prior," but the references to unrelated convictions in subsections (b)(3)(C) and (d)(3)(C) are not modified by the word "prior": "Had the legislature intended such a limitation, they [sic] could have easily included the term 'prior' as they [sic] did elsewhere in the statute." (*Id.*) We decline to read such a limitation into subsections (b)(3)(C) and (d)(3)(C) when the plain language of the statute does not include it, and when nothing suggests the legislature intended such a limitation.

 The construction of a statute is necessary only where the statute is ambiguous, and nothing may be read into a statute that is not within the manifest intention of the legislature as gathered from the statute itself. *Indiana Dep't. of State Revenue v. Horizon Bancorp,* 644 N.E.2d 870, 872 (Ind.1994). An unambiguous statute must be held to mean what it plainly expresses, and its plain and obvious meaning may not be enlarged or restricted. *Id.* Because a statute that is unambiguous on its face needs no further interpretation beyond the plain and ordinary meaning of the words contained therein, the statute must be applied and enforced as written. *Id.*

 A statute is ambiguous where it is susceptible to more than one interpretation. *Elmer Buchta Trucking, Inc. v. Stanley,* 744 N.E.2d 939, 942 (Ind.2001). While we agree with those decisions that have characterized this statute as "confusing," we cannot say the reference to "unrelated offenses" is susceptible to the additional interpretation Peoples urges as limited to "prior" offenses. We must conclude the absence of the modifier "prior" from subsections (b)(3)(C) and (d)(3)(C) reflects legislative intent to include the instant conviction as one of the "unrelated" convictions referred to in subsections (b)(3)(C) and (d)(3)(C).

We affirm Peoples' habitual offender enhancement.

Affirmed.

BAKER, C.J., and BARNES, J., concur.

(Ind.Ct.App.2009), *trans. denied.* There we determined Weiss' conviction of possession of methamphetamine with intent to sell was a violation of Indiana Code sections 35–48–4–l(a)(2)(C) and 6(a), thus making each an "offense under ... IC 35–48–4." Ind.Code § 35–50–2–8(d)(3)(A). Accordingly, subsection (d)(3)(A) applies to Peoples' conviction of possession of cocaine with intent to deliver.