ATTORNEY FOR APPELLANT
Jason W. Bennett
Lafayette, Indiana

ATTORNEYS FOR AMICUS CURIAE
PUBLIC DEFENDER OF INDIANA
Susan K. Carpenter
Public Defender of Indiana

Gregory L. Lewis
Lloyd E. Sally
J. Michael Sauer
Deputy Public Defenders
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Ellen H. Meilaender
Deputy Attorneys General
Indianapolis, Indiana

_____

FILED
Jun 29 2010, 8:53 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

_____

No. 79S02-0912-CR-549

ANDRE PEOPLES,

*Appellant (Petitioner below)*,

v.

STATE OF INDIANA,

*Appellee (Respondent below)*.

_____

Appeal from the Tippecanoe Superior Court, No. 79D02-0801-FA-3

The Honorable Thomas H. Busch, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 79A02-0812-CR-1141

_____

**June 29, 2010**

**Sullivan, Justice.**

Defendant Andre Peoples pled guilty in 2008 to dealing cocaine after having had accumulated two prior unrelated felonies, one for dealing cocaine and one for forgery. The general rule of law is that individuals who have been convicted of three unrelated felonies of any kind are eligible for enhanced sentences as "habitual offenders." But a special rule enacted in 2001 limits the use of certain substance offenses in making this calculation. At issue in this case is whether Defendant's instant dealing offense is to be counted in calculating the total number unrelated felony convictions an individual has for drug dealing. We hold that it does.

## Background

In 2008, the State charged Defendant with dealing cocaine, as a Class A felony,[1] possession of cocaine, as a Class B felony,[2] and alleged that he was a habitual offender.[3] The State

---

[1] Ind. Code § 35-48-4-1.

[2] Id. § 6.

[3] I.C. § 35-50-2-8.

based the habitual offender allegation on two prior felony convictions from Illinois – one for forgery and the other for dealing cocaine. Defendant pled guilty to dealing cocaine as a Class B felony; the case proceeded to a bench trial on the habitual offender allegation. The trial court found that Defendant was a habitual offender and sentenced him to ten years for the instant offense and an additional ten years for the habitual offender enhancement. Defendant appealed.

The sole issue on appeal was whether the instant offense could be included in the total number of unrelated convictions Defendant had accumulated for dealing drugs under the habitual offender statute. The Court of Appeals affirmed the trial court's habitual offender finding. Peoples v. State, 912 N.E.2d 398, 402 (Ind. Ct. App. 2009).

We granted transfer. 919 N.E.2d 559 (Ind. 2009).

**Discussion**

In 1977, the Legislature authorized enhanced sentences for "habitual offenders," individuals who had been convicted of three unrelated felonies.[4] 1977 Ind. Acts 1594-95, Pub. L. No. 340, § 121 (codified at I.C. § 35-50-2-8 (Supp. 1977)). In 2001, the Legislature restricted use of the "habitual offender statute to enhance further the sentences imposed for a plethora of . . . drug-related felonies." Mills v. State, 868 N.E.2d 446, 451 (Ind. 2007). Public Law 291, section 226 specifically limits instances when a drug offense can be counted for habitual offender purposes. See 2001 Ind. Acts 2786-87 (codified as I.C. § 35-50-2-8(b)(3)(C) & (d)(3)(C) (Supp. 2001)).

Under the 1977 statute, a single felony drug conviction had counted as one of the three requisite felonies to qualify an offender for a habitual offender enhancement. After the 2001 amendment, two felony drug convictions were required. Thus, the Legislature's action required a greater degree of recidivist behavior before a drug offender could be adjudicated a habitual offender. Because the 2001 amendment was contained in the bill enacting the biennial state budget, the change may have reflected a concern over the fiscal impact of incarcerating drug offenders.

---

[4] The three unrelated felonies include the instant offense and two prior felonies.

This case requires us to interpret the precise extent to which the Legislature intended to limit application of the habitual offender statute in drug offense situations. Unless the number of felony drug convictions exceeds one, an offender may not be sentenced as a habitual offender. See I.C. § 35-50-2-8(b)(3)(C) & (d)(3)(C). But does the instant offense count as one of the two required felony drug convictions, or must both be prior offenses?

The statute at issue, Indiana Code section 35-50-2-8, provides in part:

(a)   Except as otherwise provided in this section, the state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.

(b)   The state may not seek to have a person sentenced as a habitual offender for a felony offense under this section if: . . .
  (3) … the following appl[ies]: . . .
    (C) The total number of unrelated convictions that the person has for:
      (i) dealing in or selling a legend drug under IC 16-42-19-27;
      (ii) dealing in cocaine or a narcotic drug (IC 35-48-4-1);
      (iii) dealing in a schedule I, II, III controlled substance (IC 35-48-4-2);
      (iv) dealing in a schedule IV controlled substance (IC 35-48-4-3); and
      (v) dealing in a schedule V controlled substance (IC 35-48-4-4);
    does not exceed one (1).

. . .

(d)   A conviction does not count for purposes of this section as a prior unrelated felony conviction if: . . .
  (3) … the following appl[ies]: . . .
    (C) The total number of unrelated convictions that the person has for:
      (i) dealing in or selling a legend drug under IC 16-42-19-27;
      (ii) dealing in cocaine or a narcotic drug (IC 35-48-4-1);
      (iii) dealing in a schedule I, II, III controlled substance (IC 35-48-4-2);
      (iv) dealing in a schedule IV controlled substance (IC 35-48-4-3); and
      (v) dealing in a schedule V controlled substance (IC 35-48-4-4);

4

does not exceed one (1).

Defendant argues that the language of Indiana Code section 35-50-2-8(d)(3)(C) prevents the State from seeking a habitual offender enhancement because his total number of prior felony drug convictions did not exceed one. Defendant recognizes that after conviction for the instant offense, he has accumulated two felony drug convictions. But he maintains that only prior offenses are to be considered in the calculation to determine whether the number of felony drug convictions "does not exceed one." I.C. § 35-50-2-8(d)(3)(C). Defendant contends, therefore, that he has not engaged in sufficient recidivist behavior to qualify for a habitual offender enhancement.

The State, on the other hand, argues that a conviction on the instant offense, not just the prior convictions, counts towards disqualifying a defendant from the felony drug offense exception under Indiana Code section 35-50-2-8. The State maintains that neither the language of the statute precludes, nor was it the intent of the Legislature to preclude, counting the instant offense as one of the qualifying felony drug offenses for purposes of the habitual offender enhancement.

Defendant offers two reasons in support of his argument. First, he maintains that the use of subsection (d) dictates that the number of a person's prior unrelated drug convictions must exceed one. Because Defendant's prior drug convictions total one, he contends that he is not a habitual offender. While acknowledging that subsection (b) does not refer to "prior" convictions, he contends that the more specific subsection (d) should control; the differences in language between subsections (b) and (d) create an ambiguity that should be resolved against the State and in Defendant's favor.

Said differently, Defendant maintains that subsection (b) should be disregarded. He contends that subsection (d) alone – with its use of the word "prior" – dictates whether a habitual offender enhancement is available. He posits that if the number of prior drug convictions exceeds one, it is; if not, it isn't. We reject this interpretation that gives no effect to subsection (b). We believe subsections (b) and (d) work in concert to assure that all offenders who have accumulated three felony convictions, at least one of which is a felony drug conviction, are treated alike – regardless of the order in which the convictions were accumulated.

5

Under Defendant's interpretation, a person with an instant felony conviction for forgery and two prior felony drug convictions would be eligible for a habitual offender enhancement. But Defendant himself, whose prior felony convictions are for forgery and a drug offense, and whose instant felony conviction is for a drug offense, would not. By giving effect to subsections (b) and (d), these two offenders convicted of precisely the same offenses, but not in the same order, would be treated the same. Giving effect to all of the Legislature's language results in similarly situated defendants being treated alike.

Defendant's second argument is different. He contends that the State was precluded from seeking a habitual offender enhancement of his sentence at all. He argues that subsection (a) permits the State to seek a habitual offender enhancement only if a person has accumulated two prior unrelated felony convictions. And, he continues, because his total number of felony drug convictions did not exceed one at the time the State filed the charge, subsection (d) dictates that that conviction did not count as a prior unrelated felony conviction.

A petitioner for post-conviction relief recently made the same argument to the Court of Appeals in another case. See Shepherd v. State, 924 N.E.2d 1274 (Ind. Ct. App. 2010), trans. denied.[5] Our colleagues found the petitioner's argument plausible and deemed the statute "confusing" in this regard. Id. at 1285 (quoting Peoples, 912 N.E.2d at 401). But in the end, the Court of Appeals held that the petitioner in Shepherd was eligible for treatment as a habitual offender because, under the plain language of subsection (b), the petitioner had accumulated more than one felony drug conviction. Id.

We reach the same conclusion. When the State filed Defendant's habitual offender charge, he had accumulated one felony drug conviction. But we do not read the language of subsection (a) to preclude the State from filing habitual offender charges with respect to a defendant who, if convicted on the underlying charges, will have accumulated two unrelated felony drug convictions by the time habitual offender proceedings commence. After all, subsection (a) was written in 1977, but subsections (b)(3)(C) and (d)(3)(C) were written in 2001 by the conference

---

[5] The petitioner in Shepherd was represented by the State Public Defender who filed a helpful amicus brief in this case.

committee on the budget bill.[6]  It is not surprising that the provisions do not mesh perfectly.  But their thrust is unmistakable: while a single felony drug conviction is not enough to qualify a person for habitual offender status, a second such conviction is, be it a prior conviction or the instant offense.

## Conclusion

We affirm the trial court's habitual offender enhancement of Defendant's sentence.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

---

[6] See Indiana General Assembly House Bill 1001 Archive (2001), http://www.in.gov/apps/lsa/session/billwatch/billinfo?year=2001&session=1&request=getBill&docno=1001 (last visited June 24, 2010) (providing legislative history of this provision).