**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRUCE W. GRAHAM**
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LARRY SCHINE, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 79A02-1112-CR-1145 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1012-FA-34

**August 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Larry Schine appeals his status as an habitual offender and his convictions for dealing in cocaine as a class A felony[1] and possession of cocaine as a class B felony.[2] Schine raises two issues, which we restate as:

I.      Whether the evidence is sufficient to sustain the finding that Schine is an habitual offender; and

II.     Whether Schine's convictions for dealing in cocaine and possession of cocaine violate double jeopardy.

We affirm in part, reverse in part, and remand.

The relevant facts follow. On October 27, 2010, City of Lafayette Police Detective Jason Walters participated in an investigation of Schine. Detective Walters made several calls to a cell phone number and ultimately spoke with Schine, or "Big C," regarding the purchase of crack cocaine. Transcript at 81. Detective Walters arranged a meeting with Schine, and Schine chose the Economy Inn as the meeting location. Upon arriving at the Economy Inn, Detective Walters called the cell phone number and was told that Schine was in Room 55.

Detective Walters drove toward Room 55 of the Economy Inn and observed Schine exiting Room 56. Detective Walters exited his vehicle and made contact with Schine, who invited Detective Walters into Room 56. After speaking with each other briefly, Schine "pulled several small clear plastic baggies from his pants pocket and told [Detective Walters] to pick one." Id. at 84-85. Detective Walters selected a baggie, gave Schine $100 in documented buy money, and exited the motel room. Subsequent

---

[1] Ind. Code § 35-48-4-1 (Supp. 2006).

[2] Ind. Code § 35-48-4-6 (Supp. 2006).

examination revealed the baggie obtained by Detective Walters contained a cocaine base and that the net weight of the contents was 0.29 gram.

In December 2010, the State charged Schine with Count I, dealing in cocaine as a class A felony, and Count II, possession of cocaine as a class B felony. In February 2011, the State alleged under Count III that Schine was an habitual offender and under Count IV that he was an habitual substance offender. In bifurcated proceedings, a jury found Schine guilty of dealing in cocaine as a class A felony and possession of cocaine as a class B felony and that Schine was an habitual offender and an habitual substance offender. The court sentenced Schine to thirty years under Count I and ten years under Count II, to run concurrently with each other. The court declined to enter judgment of conviction on Count IV and ordered that Count I be enhanced by thirty years for the finding that Schine was an habitual offender under Count III, for an aggregate sentence of sixty years.

I.

The first issue is whether the evidence is sufficient to sustain the court's finding that Schine is an habitual offender. "Upon a challenge to the sufficiency of the evidence for an habitual offender determination, the appellate court neither reweighs the evidence nor judges the credibility of the witnesses; rather, we examine only the evidence most favorable to the judgment, together with all of the reasonable and logical inferences to be drawn therefrom." Woods v. State, 939 N.E.2d 676, 677 (Ind. Ct. App. 2010) (citing Parks v. State, 921 N.E.2d 826, 832 (Ind. Ct. App. 2010), trans. denied), trans. denied.

3

"The habitual offender determination will be sustained on appeal so long as there is substantial evidence of probative value supporting the judgment." Id.

Ind. Code § 35-50-2-8 provides in part:

(a) Except as otherwise provided in this section, the state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.

(b) The state may not seek to have a person sentenced as a habitual offender for a felony offense under this section if:

 (1) the offense is a misdemeanor that is enhanced to a felony in the same proceeding as the habitual offender proceeding solely because the person had a prior unrelated conviction;

 (2) the offense is an offense under IC 9-30-10-16 or IC 9-30-10-17; or

 (3) all of the following apply:

  (A) The offense is an offense under IC 16-42-19 or IC 35-48-4.

  (B) The offense is not listed in section 2(b)(4) of this chapter.

  (C) The total number of unrelated convictions that the person has for:

   (i) dealing in or selling a legend drug under IC 16-42-19-27;

   (ii) dealing in cocaine or a narcotic drug (IC 35-48-4-1);

   (iii) dealing in a schedule I, II, III controlled substance (IC 35-48-4-2);

4

> (iv) dealing in a schedule IV controlled substance (IC 35-48-4-3; and
>
> (v) dealing in a schedule V controlled substance (IC 35-48-4-4);
>
> does not exceed one (1).

In its information charging Schine as an habitual offender, the State alleged that Schine was an habitual offender based upon ten prior felony convictions.[3] With respect to an alleged prior dealing felony conviction, the State alleged in part that "on or about February 13, 1992, [] Schine was convicted in the Cook County Circuit Court, Cook County, State of Illinois, under Cause No. 91CR2578301, of the offense of Possession of a Controlled Substance with Intent to Deliver (Cocaine), a felony, committed in Cook County, State of Illinois, on or about October 7, 1991, for which the offense [] Schine was sentenced on or about February 13, 1992." Appellant's Appendix at 20.

The parties agree that, because Schine's instant convictions were for dealing in cocaine and possession of cocaine under Ind. Code § 35-48-4 and neither conviction is listed under Ind. Code § 35-50-2-2(b)(4), Schine was eligible as an habitual offender only if he had at least one prior unrelated dealing conviction, as set forth under Ind. Code § 35-50-2-8(b)(3)(C), at the time the habitual offender allegation was filed. See Peoples v. State, 929 N.E.2d 750, 752-754 (Ind. 2010) (holding that a defendant's instant conviction for dealing may constitute the second unrelated dealing conviction for purposes of Ind.

---

[3] The State alleged that Schine had six prior felony convictions for possession of cocaine and prior felony convictions for retail theft, unlawful use of a weapon, possession of cocaine with the intent to deliver, and residential burglary.

5

Code § 35-50-2-8(b)).[4]  In addition, Schine does not argue that he had not accumulated at least two prior unrelated felony convictions to satisfy the requirements of Ind. Code § 35-50-2-8(a).

The parties disagree as to whether the evidence was sufficient to show that Schine was the person convicted of the February 13, 1992 offense as alleged by the State. Schine argues that "insufficient evidence exists to support that conviction" and thus that the State was not permitted to seek to have him sentenced as an habitual offender under Ind. Code § 35-50-2-8(b).  Appellant's Brief at 9.  Specifically, Schine argues that the certified exhibits demonstrate "an indictment against a Larry Schine, for delivery of a controlled substance," an "order of sentence and commitment for a Larry Schine," and a "docket sheet," but that "there is absolutely no other identifying information on State's Exhibit 7A, 7B, or 7C other than the name of Larry Schine."  Id.  Schine asserts that "[t]here was no fingerprint card attached, no date of birth indicated in any of the documents, nor [] is there any type of social security or any other identifying information whatsoever" and "contends that these exhibits, in and of themselves, [are] insufficient to demonstrate this critical conviction."  Id.

---

[4] We note that a strict reading of Ind. Code § 35-50-2-8(b) indicates that, where a person is convicted of an offense under Ind. Code 35-48-4 which is not listed in Ind. Code § 35-50-2-2(b)(4), the State "may not seek to have a person sentenced as an habitual offender" if the person's total number of unrelated dealing convictions "does not exceed one (1)," namely, a total number of either zero or one unrelated convictions.  However, as noted above, the Court in Peoples held that it did not read the language of Ind. Code § 35-50-2-8(a) "to preclude the State from filing habitual offender charges with respect to a defendant who, if convicted on the underlying charges, will have accumulated two unrelated felony drug convictions by the time habitual offender proceedings commence" and that "while a single felony drug conviction is not enough to qualify a person for habitual offender status, a second such conviction is, be it a prior conviction or the instant offense," see 929 N.E.2d at 754, and the parties do not dispute Peoples' interpretation of Ind. Code § 35-50-2-8.

The State argues that it "introduced a number of certified records of [Schine], including the certified records of [Schine's] 1992 Illinois conviction for possession of cocaine with the intent to deliver in State's Exhibit 7." Appellee's Brief at 7. The State argues that the evidence related to Schine's 1992 conviction included Schine's name and Illinois Department of Correction number, which "was included on all of the documents from his nine Illinois convictions," that it "introduced [Schine's] FBI fingerprints from his October 7, 1991, arrest for that conviction," and that "all of [Schine's] fingerprints from his nine prior Illinois convictions matched [Schine's] known fingerprints." Id. at 8.

The Indiana Supreme Court has held:

> In regard to the use of documents to establish the existence of prior convictions we have stated:
>
> > Certified copies of judgments or commitments containing a defendant's name or a similar name may be introduced to prove the commission of prior felonies. While there must be supporting evidence to identify the defendant as the person named in the documents, the evidence may be circumstantial. If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was a defendant who was convicted of the prior felony, then a sufficient connection has been shown.

Tyson v. State, 766 N.E.2d 715, 718 (Ind. 2002) (citations omitted).

The record contains State's Exhibits 7(a) and 7(b) related to charges under cause number 91CR2578301 ("Cause No. 301") in the Circuit Court of Cook County, Illinois, which includes an information dated November 6, 1991 charging Schine with the delivery of a controlled substance on October 7, 1991; an order of sentence and commitment to the Illinois Department of Corrections on February 13, 1992 for "Poss Con't Sub w/int Del" under Cause No. 301 which contains Shine's name and Illinois

Department of Correction number of 919426; and a certified statement of conviction/disposition under Cause No. 301. The State presented Schine's FBI fingerprints from his arrest on October 7, 1991, and the jury heard testimony from a fingerprint examiner with the Indiana State Police who testified that the fingerprints matched Schine's known fingerprints. Further, we note that the Illinois Department of Correction number identified as Schine's number on the documents related to his conviction under Cause No. 301 is the same Illinois Department of Correction number on documents related to Schine's other Illinois convictions. The jury heard additional testimony that the fingerprints from Schine's other Illinois convictions matched his known fingerprints. The records admitted into evidence with respect to two of Schine's Illinois convictions also contained photographs of Schine together with the same Illinois Department of Correction number.

We conclude that the State presented evidence of probative value from which the jury could have found Schine to be an habitual offender beyond a reasonable doubt. See Peoples, 929 N.E.2d at 752-754 (affirming the trial court's habitual offender enhancement and holding that the defendant's prior Illinois conviction for dealing cocaine as a felony together with the defendant's instant offense of dealing in cocaine as a class A felony satisfied the requirements of the habitual offender statute); Tyson, 766 N.E.2d at 718 (holding that there was sufficient evidence to support the findings that the defendant had been convicted of separate and unrelated felonies).

8

## II.

The next issue is whether Schine's convictions for dealing in cocaine and possession of cocaine violate double jeopardy. Schine contends that his conviction for possession of cocaine under Count II must be vacated due to a violation of double jeopardy principles. Schine specifically asserts that possession of a drug is an inherently included lesser offense of dealing and that "[a]lthough separate convictions for dealing and possession based on a single sale of narcotics may be sustained, the State must make clear that only the quantities sold forms the basis of the dealing charge, while only the quantity remaining after the sale forms the basis of the possession charge." Appellant's Brief at 12-13.

The State acknowledges that "[t]he charging information in this case did not specify the respective weight of the cocaine attributable to the two separate charges, and it does not appear that the State specifically argued in [its] closing statement which cocaine supported the dealing charge and which cocaine supported the possession charge" and concedes that "the jury may have used the same cocaine to support both charges, and the dealing and possession convictions may have violated double jeopardy." Appellee's Brief at 11.

We agree that the entry of judgment of conviction and sentence for both dealing in cocaine under Count I and possession of cocaine under Count II, under the circumstances and in light of the charging information,[5] violated double jeopardy. Accordingly, we

---

[5] Count I alleged that Schine "did knowingly or intentionally deliver cocaine, pure or adulterated, to another person, to wit: Detective Walters, and said delivery occurred in, on, or within one thousand (1,000) feet of a family housing complex, to wit: Economy Inn . . . ." Appellant's Appendix at 12. Count

9

remand with instructions to vacate Schine's conviction and sentence for possession of cocaine under Count II.[6] See Carroll v. State, 740 N.E.2d 1225, 1233 (Ind. Ct. App. 2000) (holding that there was a reasonable possibility that the jury used the same drug evidence to establish the essential elements of two offenses, dealing in cocaine and possession of cocaine with intent to deliver, where the charging allegations tracked only the language of the statute and remanding with instructions to vacate one of the convictions), trans. denied.

For the foregoing reasons, we affirm the determination that Schine is an habitual offender and remand with instructions to vacate his conviction and sentence for possession of cocaine as a class B felony under Count II.

Affirmed in part, reversed in part, and remanded.

FRIEDLANDER, J., and DARDEN, Sr. J., concur.

---

II alleged that Schine "did knowingly or intentionally possess cocaine, pure or adulterated, without a valid prescription or order . . . and said possession occurred in, on, or within one thousand (1,000) feet of a family housing complex, to wit: Economy Inn . . . ." Id. at 13.

[6] We note that Schine's aggregate sentence is not affected by the reversal of his conviction under Count II as the sentence for that conviction was ordered to be served concurrently with his sentence under Count I.