ATTORNEY FOR APPELLANT
Ellen M. O'Connor
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 49S02-0910-CR-429

MYRON OWENS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion County Superior Court, No. 49G20-0710-FA-224725
The Honorable William Young, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-0811-CR-1052

**June 29, 2010**

**Boehm, Justice.**

The Indiana habitual offender statute enhances the penalty for crimes by offenders with two prior unrelated felony convictions, but counts only certain offenses as prior felonies. We hold that a conspiracy to deal conviction is not equivalent to a dealing conviction for the purposes of this statute.

**Facts and Procedural History**

A confidential informant bought twenty dollars worth of crack cocaine from Myron Owens in a controlled buy. The Indianapolis police maintained audio and visual surveillance of the transaction, and arrested Owens at its completion. Owens refused to comply with the officers' instructions, attempted to eat the cash he was paid for the cocaine, and struggled with the officers. The transaction took place about 955 feet away from Mount Zion Baptist Church Daycare Center, which cares for children between the ages of eighteen months and twelve years and was open at the time of the buy.

A jury convicted Owens of Class A felony dealing in cocaine within 1,000 feet of a youth program center, Class B felony possession of cocaine, Class D felony escape, Class D felony obstruction of justice, and Class A misdemeanor resisting law enforcement. The jury also found that Owens was a habitual offender. Owens's prior felony convictions were a 1995 conviction for dealing cocaine, a 1998 conviction for possession of a handgun without a license, and a 2004 conviction for conspiracy to deal. The trial court imposed a fifty-year sentence for the underlying convictions and added a thirty-year habitual offender enhancement.

Owens appealed. In addition to contesting the sufficiency of the evidence to support his conviction for dealing cocaine and obstruction of justice, he argues that he did not have the requisite prior convictions to support the jury's habitual offender finding. The Court of Appeals affirmed. Owens v. State, 911 N.E.2d 18, 26 (Ind. Ct. App. 2009). The Court of Appeals held that Owens had more than one prior because his conviction for conspiracy to deal cocaine qualified as a prior conviction for "dealing cocaine" under the habitual offender statute. Id. at 23–26. Accordingly, the Court of Appeals affirmed Owens's habitual offender enhancement. We granted transfer.

**Habitual Offender Enhancement**

The Indiana habitual offender statute is codified at Indiana Code Section 35-50-2-8 (2004). Subsection 8(a) provides that the State may seek to enhance a sentence if the defendant has accumulated two "prior unrelated felony" convictions. Subsection 8(b)(3) limits the application of this general rule when the instant offense is a drug offense:

2

(b) The state may not seek to have a person sentenced as a habitual offender for a felony offense under this section if:

. . .

(3) all of the following apply:

(A) The offense is an offense under IC 16-42-19 [legend or prescription drug offenses] or IC 35-48-4 [controlled substances offenses].

(B) The offense is not listed in section 2(b)(4) of this chapter [dealing while possessing a firearm and certain dealing to minors].

(C) The total number of unrelated convictions that the person has for:

(i) dealing in or selling a legend drug under IC 16-42-19-27;

(ii) dealing in cocaine or a narcotic drug (IC 35-48-4-1);

(iii) dealing in a schedule I, II, III controlled substance (IC 35-48-4-2);

(iv) dealing in a schedule IV controlled substance (IC 35-48-4-3); and

(v) dealing in a schedule V controlled substance (IC 35-48-4-4);

does not exceed one (1).

Subsection 8(d) provides that a prior conviction meeting the same conditions set out in Subsection 8(b)(3) does not count as a "prior unrelated felony" for purposes of Subsection 8(a). In other words, if the instant offense falls under Chapter 16-42-19 (legend or prescription drugs) or Chapter 35-48-4 (controlled substances) and is not one of those specified in I.C. 35-50-2-2(b)(4) (dealing while possessing a firearm or certain dealing to minors), the State may seek to enhance the sentence only if defendant has two or more unrelated convictions for a dealing offense identified in Subsection 8(b)(3)(C). Johnican v. State, 804 N.E.2d 211, 216 (Ind. Ct. App. 2004). Conspiracy to deal is not explicitly set out in Subsection 8(b)(3)(C). The State contends that Owens's conviction for conspiracy to deal is a conviction for dealing for purposes of this subsection. For the reason explained below, we do not agree that the conspiracy to deal cocaine qualifies as a dealing conviction under Subsection 8(b)(3)(C). We conclude however that Owens nonetheless has two unrelated dealing convictions, namely the 1995 dealing conviction and the instant dealing conviction.

Well-settled Indiana law provides that the conspiracy to commit a felony is a distinct offense from the contemplated felony. Lane v. State, 259 Ind. 468, 472, 288 N.E.2d 258, 260 (1972). The crime of conspiracy to commit a felony has three elements: "1) the intent to commit

a felony, 2) an agreement with another person to commit a felony, and 3) an overt act, performed by either the defendant or the person with whom the defendant has entered into the agreement." Jester v. State, 724 N.E.2d 235, 239 (Ind. 2000) (citing I.C. § 35-41-5-2). A conspiracy "is complete upon the agreement and the performance of an overt act in furtherance of the agreement." Smith v. State, 655 N.E.2d 532, 540 (Ind. Ct. App. 1995), trans. denied. The overt act need not rise to the level of a "substantial step" required for an attempt to commit the felony. Id. at 540 n.12; I.C. § 35-41-5-1. A defendant may therefore be convicted of a conspiracy to commit a felony without committing the felony and without even an attempt to commit it. See, e.g., Edward v. State, 753 N.E.2d 618, 621 n.2 (Ind. 2001) (finding that defendant's leaving in the car driven by coconspirator the night of the victim's murder was an overt act in furtherance of an agreement); Smith, 655 N.E.2d at 540, 548, (finding that defendant's giving coconspirator the money to purchase a gun was an overt act sufficient for conspiracy to murder); Hopper v. State, 539 N.E.2d 944, 946 (Ind. 1989) (finding defendant's participation in discussions regarding trading cocaine for marijuana and giving instructions for where to deliver the marijuana was sufficient to establish conspiracy to deal in cocaine); Lynn v. State, 207 Ind. 393, 399–400, 193 N.E. 380, 383 (1935) ("[T]he offense of conspiracy to commit perjury may be committed even though none of the steps which are essential elements of the offense of perjury have been taken.").

The overt act in furtherance of a conspiracy to deal a controlled substance often also supports a dealing conviction. E.g., Derado v. State, 622 N.E.2d 181, 182 (Ind. 1993) (delivery of the contraband), overruled on other grounds by Grinstead v. State, 684 N.E.2d 482 (Ind. 1997). But an overt act that supports a conspiracy conviction may fall short of the possession, manufacturing, or delivery of a controlled substance necessary for the underlying offense. E.g., Huff v. State, 443 N.E.2d 1234, 1238 (Ind. Ct. App. 1983) (upholding a conspiracy to deal conviction where defendant's arranging of a drug deal with his suppliers did not result in a dealing conviction). Because conspiracy to deal is a separate offense and is not listed along with dealing among the nonsuspendable offenses, Huff held that conspiracy to deal is not nonsuspendable under I.C. 35-50-2-2. Id. at 1239. We agree and find the same reasoning applicable here. More generally, conspiracy was viewed as a lesser crime at common law, and most jurisdictions punish a conspiracy less severely than the target offense. Joshua Dressler, Understanding Criminal Law § 29.03[A][1], at 460–61 (4th ed. 2006); Model Penal Code § 5.03

4

cmt. third at 391 (1985). Penal laws are to be construed strictly. <u>Merritt v. State</u>, 829 N.E.2d 472, 475 (Ind. 2005). We therefore cannot equate conspiracy to deal with the dealing offenses found in Subsection 8(b)(3)(C). In sum, we hold that a conviction for conspiracy to deal is not the same as a conviction for dealing for purposes of the general habitual offender enhancement statute found in I.C. 35-50-2-8.

Here, the State alleges that Owens had three prior unrelated felonies: dealing cocaine in 1995, carrying a handgun without a license in 1998, and conspiracy to deal cocaine in 2004. Of these felonies, only the 1995 dealing conviction under Section 35-48-4-1 is enumerated in Subsection 8(b)(3)(C). The statute exempts specified drug offenses when determining the number of felonies for purposes of habitual offender status, but it denies that exemption to those with more than one unrelated dealing conviction, whether or not the convictions are prior unrelated dealing convictions. <u>Peoples v. State</u>, __ N.E.2d __, __ (Ind. 2010). The instant dealing conviction together with the 1995 dealing conviction "exceed one" dealing conviction. Owens has therefore accumulated two unrelated and enumerated convictions, and Subsection 8(b) does not prohibit the habitual offender enhancement of Owens's sentence.

Owens's convictions for dealing cocaine and obstruction of justice are summarily affirmed. Ind. Appellate Rule 58(A).

### Conclusion

Owens's convictions and sentence are affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.