Andrew J. HUMPHREYS, Appellant,

v.

STATE of Indiana, Appellee.

No. 79S04–1212–CR–670.

Supreme Court of Indiana.

March 28, 2013.

*PUBLISHED ORDER*

By order dated December 10, 2012, the Court granted a petition seeking transfer of jurisdiction from the Court of Appeals. After further review, including considering the points presented by counsel at oral argument and discussion among the Justices in conference after the oral argument, the Court has determined that it should not assume jurisdiction over this appeal and that the Court of Appeals not-for-publication memorandum decision, *Andrew Humphreys v. State*, No. 79A04–1112–CR–677, 2012 WL 4344198 (Ind.Ct. App. Sept. 24, 2012), should be reinstated as a memorandum decision. *See* Appellate Rule 65(D). Accordingly, the order granting transfer is VACATED, and transfer is hereby DENIED. Pursuant to Appellate Rule 58(B), this appeal is at an end.

The Court DIRECTS the Clerk to certify this appeal as final and to send copies of this order to the Hon. Margret G. Robb, Chief Judge of the Court of Appeals; the Court of Appeals Administrator; and all counsel of record.

The Court further DIRECTS the Clerk to send a copy of this Order to LexisNexis and to Thomson/Reuters for publication on-line and in the bound volumes of this Court's decisions.

DICKSON, C.J., and DAVID and MASSA, JJ., concur.

RUSH, J. dissents with separate opinion in which RUCKER, J., concurs.

RUSH, J., dissenting from the denial of transfer.

I respectfully dissent from vacating the grant of transfer. The Court of Appeals held that even though Defendant's sentence for actually dealing methamphetamine may not be enhanced under our habitual offender statute, his sentence for *conspiracy* to deal may be. It based that conclusion on *Owens v. State*, 929 N.E.2d 754 (Ind.2010), when *Owens* actually compels the opposite conclusion—not just because penal statutes must be strictly construed against the State, but as a matter of legislative intent. I would therefore reverse Defendant's sentence enhancement.

***Background and Procedural History***

A jury convicted Andrew Humphreys of conspiracy to deal methamphetamine and dealing methamphetamine, both as Class B felonies, and possessing reagents or precursors with intent to manufacture methamphetamine as a Class D felony. He was also adjudged a habitual offender.

On appeal, he argued that (1) he was entitled to discharge under Indiana Criminal Rule 4(B), (2) his convictions for dealing and possession violated double-jeopardy principles, and (3) there was insufficient evidence to support his habitual offender adjudication. The Court of Appeals rejected all three claims by unpublished memorandum decision. *See Humphreys v.*

*State,* No. 79A04–1112–CR–677, 2012 WL 4344198 (September 24, 2012).

Because I disagree with the Court of Appeals' disposition of the third issue, I respectfully dissent from vacating our previous grant of transfer.

### Analysis

If our habitual-offender statute is generally a "three strikes" law, then subsection 8(b)(3) establishes that a defendant cannot strike out on a foul tip. In effect, it provides that the sentence for a legend-drug or controlled-substance offense may not be enhanced unless it is minimum non-suspendible, or the defendant has at least one prior conviction for drug dealing:

> The state may not seek to have a person sentenced as a habitual offender for a felony offense if: * * *
>
> (3) all of the following apply:
>
> (A) The offense is an offense under IC 16–42–19 [*i.e.,* legend drugs] or IC 35–48–4 [*i.e.,* controlled substances].
>
> (B) The offense is not listed in section 2(b)(4) of this chapter [*i.e.,* offenses for which the minimum sentence is nonsuspendible].
>
> (C) The total number of unrelated convictions that the person has for [dealing a legend drug, cocaine or a narcotic drug, or a schedule I through V controlled substance] does not exceed one (1) [*i.e.,* prior dealing conviction].

Ind.Code § 35–50–2–8(b) (2005 Supp.). Our decision in *Owens*'s companion case noted that while the statutory language is less than clear, its "thrust is unmistakable: while a single felony drug conviction is not enough to qualify a person for habitual offender status, a second such conviction is." *Peoples v. State,* 929 N.E.2d 750, 754 (Ind.2010).

Here, the statute is clear that Defendant's sentences for actually possessing precursors and actually dealing methamphetamine are "foul tips" that may not be enhanced. Each is a single felony drug conviction under Indiana Code 35–48–4, each is suspendible, and none of Defendant's prior convictions are for drug dealing. The question is whether his sentence for *conspiracy* to deal may be enhanced when his conviction for *actually* dealing may not—and because the statute is ambiguous on that point, it should be construed strictly against the State.

And in fact, that is precisely what *Owens* did. This Court's distinction between conspiracy to deal and actually dealing was expressly premised on strict construction:

> Penal laws are to be construed strictly. We therefore cannot equate conspiracy to deal with the dealing offenses found in Subsection 8(b)(3)(C). In sum, we hold that a conviction for conspiracy to deal is not the same as a conviction for dealing for purposes of the general habitual offender statute found in I.C. 35–50–2–8.

929 N.E.2d at 757 (citation omitted).

At bottom, then, *Owens* excluded conspiracies in the context of (b)(3)(C) because doing so *narrows* the punitive reach of the statute—calling more fouls and fewer strikes. But in the context of (b)(3)(A) at issue here, excluding conspiracies has the opposite effect, calling *more* "strikes" than the language of the statute necessarily requires and *broadening* its punitive effect. That result is inconsistent with strict construction.

The State correctly argues that conspiracy is one of the "offenses of general applicability" under Indiana Code 35–41–5, and not itself a legend-drug or controlled-substance offense "under IC 16–42–19 or IC 35–48–4," as (b)(3)(A) directly contemplates. But the statute is still ambiguous,

because conspiracy is not an offense *at all* without a target offense—and here, the target offense *is* a controlled-substance offense "under ... IC 35–48–4." It is therefore unclear whether the Legislature meant to exclude conspiracies to commit a controlled-substance offense. That ambiguity in (b)(3)(A) should be construed against the State, just as *Owens* did for the similar ambiguity in (b)(3)(C)—in both cases, ensuring the statute's punitive effect is not broadened beyond what we can be confident the Legislature intended.

Finally, a narrow construction is most consistent with the Legislature's general intent about conspiracy offenses. At common law, "conspiracy was viewed as a lesser crime" than the target offense. *Owens*, 929 N.E.2d at 757. And though our Legislature has chosen instead to punish a conspiracy at the *same* level as the target offense, I.C. § 35–41–5–2, it would surely have spoken more clearly if it meant to treat conspiracies *more* harshly for habitual offender purposes. Our criminal code expresses no such intent, and we should not infer it.

### Conclusion

In sum, I would find that enhancing a sentence for conspiracy to commit an offense that could not itself be enhanced contravenes well settled principles of strict construction, misapplies *Owens*, and is contrary to legislative intent. Rather than permitting that result to stand, the Court should retain jurisdiction on transfer and reverse Defendant's habitual offender enhancement.

RUCKER, J., concurs.