**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 16 2013, 7:00 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KEVIN T. MCNAMARA**
Law Office of Kevin T. McNamara, LLC
Saint John, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER McCASTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A04-1212-CR-644 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Donald L. Daniel, Judge
Cause No. 79C01-1109-FA-18

**July 16, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Christopher McCaster was convicted of Class A felony conspiracy to commit dealing in cocaine or a narcotic drug and given a habitual-offender sentence enhancement. McCaster contends that his conviction was not eligible for a habitual-offender sentence enhancement because it did not fit the statutory requirements of Indiana Code section 35-50-2-8. Finding that McCaster's conspiracy conviction did make him eligible for a habitual-offender sentence enhancement, we affirm.

**Facts and Procedural History**

In September 2011, McCaster lived with Nina Ricketts in the Clarion Inn and Suites in Lafayette, Indiana, and would also drive Ricketts' car. On September 13, 2011, McCaster sold $100 worth of heroin to an undercover police officer, had additional bags of heroin in his possession, and fronted the officer $75 worth of cocaine. The undercover officer made a second buy from McCaster the next day, and the day after that, he purchased $800 worth of cocaine and $200 worth of heroin from McCaster. At each buy, the officer saw Ricketts' car.

On September 16, McCaster and Ricketts drove to Chicago in Ricketts' car to buy drugs and were pulled over by the Lafayette Police for a traffic stop. There was an "overwhelming" odor of marijuana coming from the car, Tr. p. 196, and the police found a bag of marijuana in Ricketts' pocket. A K-9 unit alerted to the presence of drugs in both the car and the hotel room at the Clarion Inn and Suites, so the police obtained search warrants for both locations. In the car, the police recovered ecstasy pills and multiple bags of cocaine, heroin, and marijuana. In the hotel room, the police recovered

2

additional drugs, an over-the-counter medication that is often used as a cutting agent with heroin, and a bag with white powder residue in a trash can.

The State charged McCaster with eighteen counts: four counts of Class A felony dealing a narcotic drug, three counts of Class A felony dealing in cocaine, Class A felony possession of a schedule I controlled substance, Class A felony possession of cocaine, Class A felony conspiracy to commit dealing cocaine or a narcotic drug, three counts of Class B felony possession of a narcotic drug, Class B felony possession of cocaine, Class B felony dealing in a schedule I controlled substance, Class C felony possession of cocaine, Class C felony possession of a narcotic drug, and Class A misdemeanor possession of marijuana. The State also alleged that McCaster was a habitual offender and a habitual substance offender.

A jury trial was held, and McCaster was found guilty on all counts except Class B felony dealing in a schedule I controlled substance. The State then presented evidence that McCaster had previous unrelated convictions for unlawful possession of a stolen car, unlawful possession of a weapon, and aggravated battery, as well as previous unrelated convictions for possession of cocaine, possession of a controlled substance, and possession of marijuana. The trial court found that McCaster was both a habitual offender and a habitual substance offender.

At the sentencing hearing, the trial court merged all of McCaster's convictions into the Class A felony conspiracy to commit dealing cocaine or a narcotic drug. The trial court sentenced McCaster to forty years, enhanced by thirty years for the habitual-offender adjudication.

McCaster now appeals.

## Discussion and Decision

McCaster contends that his Class A felony conspiracy to commit dealing cocaine or a narcotic drug conviction is not eligible for a habitual-offender sentence enhancement. He argues that it does not fit the appropriate qualification under Indiana Code section 35-50-2-8. We disagree.

Indiana Code section 35-50-2-8 concerns the habitual-offender sentence enhancement and provides in relevant part:

> (b) The State *may not* seek to have a person sentenced as a habitual offender for a felony offense under this section if:
>       *     *     *     *     *
> (3) all of the following apply:
>     (A) The offense is an offense under IC 16-42-19 or IC 35-48-4.
>     (B) The offense is not listed in section 2(b)(4) of this chapter.
>     (C) The total number of unrelated convictions that the person has for:
>         (i)  dealing in or selling a legend drug under IC 16-42-19-27;
>         (ii) dealing in cocaine or a narcotic drug (IC 35-48-4-1);
>         (iii) dealing in a schedule I, II, III controlled substance (IC 35-48-4-2);
>         (iv) dealing in a schedule IV controlled substance (IC 35-48 4-3); and
>         (v) dealing in a schedule V controlled substance (IC 35-48-4 4);
>     does not exceed one (1).

Ind. Code § 35-50-2-8(b)(3) (emphasis added). If all three subsections of (b)(3) apply, then the State cannot seek a habitual-offender sentencing enhancement. In this case, it is not disputed that subsection B applies because the offense is not one of the minimum non-suspendible offenses listed in Indiana Code section 35-50-2-2(b)(4). It is also undisputed that subsection C applies since McCaster had no previous convictions for

4

dealing offenses.[1]   Therefore, the only issue is whether McCaster's Class A felony conspiracy to commit dealing cocaine or a narcotic drug conviction is considered "an offense under IC 16-42-19 or IC 35-48-4." I.C. § 35-50-2-8(b)(3)(A).  If it is, subsection A applies, too, and the habitual-offender sentencing enhancement cannot apply.

Our Supreme Court has previously considered whether a conspiracy charge is an offense under Indiana Code chapter 35-48-4 for purposes of a habitual-offender sentence enhancement in *Owens v. State*, 929 N.E.2d 754 (Ind. 2010).  In expressly holding that conspiracy to deal is not the same as dealing for purposes of a habitual-offender sentence enhancement, the Court noted that "the conspiracy to commit a felony is a distinct offense from the contemplated felony." *Id.* at 756 (citing *Lane v. State*, 288 N.E.2d 258, 260 (Ind. 1972)).  This is because a conspiracy to commit a crime "is complete upon the agreement and the performance of an overt act in furtherance of the agreement," *id.* at 757 (internal citation omitted), and that overt act does not have to rise to the level of committing or attempting to commit the felony.  *Id.*  Since we are to strictly construe penal laws, our Supreme Court held that it "[could not] equate conspiracy to deal with the dealing offenses found in Subsection 8(b)(3)(C)." *Id.*

McCaster argues, however, that in *Owens*, the issue was whether a conspiracy to deal charge qualified as a conviction for a dealing charge under subsection C, and the issue in the present case involves subsection A.  McCaster contends that our Supreme

---

[1] McCaster has previous unrelated felony convictions in Illinois for aggravated robbery, unlawful possession of a weapon, unlawful possession of a stolen motor vehicle, unlawful possession of cannabis, and unlawful possession of controlled substance, as well as a felony conviction in Indiana for possession of cocaine.  Appellant's App. p. 34-37.

Court's holding should be limited to subsection C only, making it inapplicable to this case. We cannot agree.

In *Owens*, our Supreme Court explicitly held that "a conviction for conspiracy to deal is not the same as a conviction *for dealing for purposes of the general habitual offender enhancement statute found in I.C. 35-50-2-8*." *Id.* at 757 (emphasis added). The Court made it clear that its holding was relevant to the entire statute and not just one particular subsection. Additionally, it is telling that the Indiana Code chapters referenced in subsection C are the same as those that are referenced in subsection A of the statute. Therefore, any holding by our Supreme Court that applied to the offenses in subsection C would logically also apply to the offenses in subsection A, as "[w]e presume the legislature intended for the statutory language to be applied in a logical manner . . . ." *Prewitt v. State*, 878 N.E.2d 184, 186 (Ind. 2007).

Under *Owens*, McCaster did not meet all three parts of Indiana Code section 35-50-2-8(b)(3). His conviction was therefore eligible for the habitual-offender sentence enhancement, so we affirm his sentence.

Affirmed.

KIRSCH, J., and PYLE, J., concur.