# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 22 2017, 6:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam C. James
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Samuel R. White, *Appellant-Defendant,* | February 22, 2017 |
| v. | Court of Appeals Case No. 70A04-1607-CR-1752 |
| | Appeal from the Rush Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Brian D. Hill, Judge |
| | Trial Court Cause No. 70D01-1506-F3-312 |

**Bailey, Judge.**

# Case Summary

Samuel White ("White") appeals his conviction and sentence for Conspiracy to Commit Dealing in Methamphetamine, a Level 3 felony.[1]  We affirm.

# Issues

White presents two issues for review:

    I.     Whether his conviction is supported by sufficient evidence; and

    II.    Whether his fifteen-year sentence is inappropriate.

# Facts and Procedural History

On June 3, 2015, the Rushville Police Department used a confidential informant, Shawn Williams ("Williams"), to place a series of recorded calls to White to arrange a purchase of methamphetamine.  In the first call, Williams asked White if he could purchase a quarter-ounce (seven grams) of methamphetamine.  White agreed to sell that amount of methamphetamine for $450.  In the second and third calls, Williams falsely claimed that his car had broken down.  He asked White to bring the methamphetamine to him; White agreed to do so for a delivery fee of $75.  In the fourth call, White and Williams

---

[1] Ind. Code §§ 35-48-4-1.1, 35-41-5-2.

confirmed that Williams was to purchase a quarter-ounce of methamphetamine and pay a $75 delivery fee.

[4] Police officers searched Williams, provided him with $525 in cash, and transported him to a designated meeting location. White drove up in a van; his mother, Laura White ("Laura"), was sitting in the passenger's seat. Williams briefly entered White's van. When he returned to the unmarked police vehicle, Williams produced a substance later tested and identified as 1.36 grams of methamphetamine. Williams was again searched, and found to be without cash or additional methamphetamine.

[5] Police officers stopped White's van and arrested White and Laura. During a search at the jail, $525 in cash was found in Laura's bra. In a police interview, White claimed to have thrown the buy money out the window. He also claimed that an unidentified female who "sells ounces" was his source. (Tr. at 39.)

[6] White was charged with, and convicted of, three counts related to that transaction. Because of double jeopardy concerns, the trial court vacated the judgment entered upon two of White's convictions and sentenced him only upon the conviction for Conspiracy to Commit Dealing in Methamphetamine. This appeal ensued.

# Discussion and Decision

## Sufficiency of the Evidence

[7]      Dealing in Methamphetamine is committed when a person knowingly or intentionally manufactures, finances the manufacture of, delivers, or finances the delivery of methamphetamine or possesses it with the intent to do the same. I.C. § 35-48-4-1.1(a)(1). The offense is enhanced to a Level 3 felony if the amount of the drug involved is at least five but less than ten grams. I.C. § 35-48-4-1.1(d). Conspiracy to commit a felony has three elements: (1) the intent to commit a felony, (2) an agreement with another person to commit a felony, and (3) an overt act performed by either the defendant or the person with whom the defendant has entered into the agreement. *Owens v. State*, 929 N.E.2d 754, 756 (Ind. 2010). Thus, the State was required to establish, beyond a reasonable doubt, that White, with intent to commit dealing in methamphetamine, agreed with Williams to deliver more than five grams of methamphetamine, and one of the conspirators performed an overt act in furtherance of the agreement.

[8]      When reviewing the sufficiency of the evidence to support a criminal conviction, we do not reweigh the evidence or judge witness credibility. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). Considering only the evidence supporting the verdict and any reasonable inferences to be drawn therefrom, we will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

[9] Here, the State presented evidence that Williams and White participated in four telephone calls arranging a methamphetamine sale. The terms agreed upon were that White was to sell one-quarter ounce of methamphetamine to Williams for $475. White was to deliver the drug to Williams for an additional $75. Law enforcement officers searched Williams, provided him with previously-photocopied cash, and transported him to a meeting place. Williams briefly entered White's vehicle and returned with methamphetamine. The cash was found on White's mother, who had been inside his vehicle at the exchange.

[10] However, White claims that the evidence is insufficient to support his conviction because "the confidential informant had personal motivation, namely a financial incentive" and "he lied to White to get him to travel to Rush County." Appellant's Br. at 7. White points to Williams's admissions that he needed money to pay his bills and had lied to a man that he considered a friend. White also observes that Williams did not actually fulfill an agreement to deliver a quarter-ounce (seven grams); Indiana State Police Laboratory testing indicated that the methamphetamine weighed 1.36 grams.

[11] In essence, White claims that Williams's testimony should be discarded because he lacks credibility. However, we do not make credibility determinations. *McHenry*, 820 N.E.2d at 126. Moreover, this is not a case in which a single witness offered uncorroborated testimony, such that the incredible dubiosity rule might be raised. *See Moore v. State*, 27 N.E.3d 749, 755 (Ind. 2015) (observing that the incredible dubiosity rule allows a court to impinge upon the responsibility of the jury to judge witness credibility only when a sole witness

has presented equivocal or coerced testimony and there is a complete lack of circumstantial evidence of the appellant's guilt).

[12] As White observes, less than seven grams of methamphetamine was actually delivered. However, White was convicted of conspiring to deliver at least five grams of methamphetamine. The evidence showed that White and Williams set the terms of sale, that is, $475 for a quarter-ounce of methamphetamine. White then traveled to Williams's location and provided a package of methamphetamine, acts in furtherance of the conspiracy. To establish the conspiracy, the State was not also required to establish that a particular weight of drug was in fact delivered. "Well-settled Indiana law provides that the conspiracy to commit a felony is a distinct offense from the contemplated felony." *Owens*, 929 N.E.2d at 756. A conspiracy is complete upon reaching an agreement and the performance of an overt act in furtherance of the agreement. *Id.* Sufficient evidence supports White's conviction.

# Sentence

[13] The sentencing range for a Level 3 felony is 3 years to 16 years, with an advisory sentence of 9 years. I.C. § 35-50-2-5. White argues that his fifteen-year sentence is inappropriate, and asks that we revise it, pursuant to Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[14]     When reviewing a sentence, our principal role is to leaven the outliers rather than necessarily achieve what is perceived as the correct result. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012).

[15]     As for the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). White's sentence is above the advisory but below the maximum. There is nothing particularly remarkable about White's agreement to provide methamphetamine to Williams and his undertaking of efforts to do so.

[16]     As for White's character, he has three prior felony and five prior misdemeanor convictions. These include resisting law enforcement, possession of marijuana, operating a vehicle while intoxicated, child selling, failure to stop after an accident, possession of a narcotic drug, and dealing in methamphetamine. When he committed the instant offense, White was on parole for his Class A felony dealing in methamphetamine conviction. He had also violated probation in the past. We conclude that White has not demonstrated that his sentence is inappropriate.

# Conclusion

Sufficient evidence supports White's conviction. His sentence is not inappropriate.

Affirmed.

Najam, J., and May, J., concur.